### State of Vermont v. Brian E. Dole

[449 A.2d 979]

No. 8-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 15, 1982

*Gregory W. McNaughton,* Washington County State's Attorney, Barre, for Plaintiff-Appellee.

*Brian E. Dole,* pro se, Waterbury, Defendant-Appellant.

**Per Curiam.** The defendant was convicted by jury of driving while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). The evidence against him included a chemical analysis of the alcohol content of his blood at the time of his arrest. He appeals pro se, offering nine reasons why his conviction should be reversed. Only two merit consideration.

The two arguments which we do reach are that (a) he was denied an opportunity to have an independent analysis conducted on a sample of his breath taken at the time of his arrest; and (b) that the State caused him to forego that opportunity by notifying him that the State's test was invalid, leading him to believe it was unnecessary for him to have the independent analysis performed.

23 V.S.A. § 1203(a) prescribes the guidelines for testing the alcohol content of a motorist suspected of driving while under the influence of intoxicating liquor:

> A sufficient amount of breath or blood, as the case may be, shall be taken to enable the person, at his option, to have made an independent analysis of the sample, and shall be held for no more than 30 days from the date the sample was taken.
>
> Any time within that period, the respondent may direct that the sample be sent to an independent laboratory of his choosing for an independent analysis.

The defendant was arrested on January 26, 1980. On February 25, the 30-day period within which he could have requested an independent analysis of his sample expired, along with his right to direct that such an independent test be run. On March 4, 1980, the State had two of the three samples analyzed. One sample showed a blood-alcohol content of .162. The other, which apparently leaked, showed .000. An alcohol content of .10 or more gives rise to a permissive inference that the defendant was under the influence of intoxicating liquor. *State* v. *Dacey,* 138 Vt. 491, 494, 418 A.2d 856, 858 (1980); 23 V.S.A. § 1204(a)(3).

The applicable rules and regulations adopted pursuant to 23 V.S.A. § 1203(a) require two consistent samples for a valid analysis. Since only one of the two samples tested showed an

alcohol content exceeding .10, the defendant was thereupon notified that the test was invalid, though he was not informed of the results of each sample.

Thereafter, on June 2, 1980, the remaining sample, which was originally held for the defendant's benefit, was analyzed. It showed a blood-alcohol content of .164. This sample, together with the .162 result of the initial sample, combined to produce a valid result which was entered into evidence when defendant was prosecuted and convicted of driving while under the influence of intoxicating liquor.

This brief recitation of the facts should suffice to demonstrate the lack of merit in the defendant's appeal. He had 30 days to demand an independent analysis. He failed to do so. His right to the analysis expired before the State even had its samples analyzed, much less notified the defendant that the results were invalid. Thus the notice had no effect on the defendant's right to have an independent analysis performed. By the time he received notice, that right had expired.

*Affirmed.*