# State of Vermont v. Romeo P. Coulombe

[470 A.2d 1179]

No. 82-324

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 12, 1983

*David G. Miller,* Franklin County State's Attorney, and *Christopher A. Micciche,* Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Nicholas L. Hadden* of *John Kissane Associates,* St. Albans, for Defendant-Appellant.

**Underwood, J.** Defendant was charged with operating a motor vehicle while his blood alcohol content was .10 per cent or more, 23 V.S.A. § 1201(a)(1), and with operating a motor vehicle while under the influence of intoxicating liquor (DUI), 23 V.S.A. § 1201(a)(2). He was convicted by jury of violating the .10 per cent blood alcohol provision. We affirm that conviction.

The facts indicate that defendant had been drinking during the afternoon of November 1, 1981. Later that day, while driving a large dump truck on Vermont Route 105 in Richford, he nearly collided head-on with a border patrol agent. The agent observed the defendant's truck swerving over the centerline and, at times, traveling in the left lane of the road. Eventually defendant was stopped by the border patrol agent, who was then joined at the scene by a Vermont state trooper. From their observations both officers were of the opinion that defendant was operating the truck while under the influence of intoxicating liquor. The trooper also observed fifteen empty beer bottles on the floor of defendant's truck.

Defendant submitted to a breath test which was analyzed by a State chemist. At trial, based on the test results and

defendant's own testimony about his drinking pattern that day, the chemist estimated defendant's blood alcohol level at .135 per cent at the time of operation. In rebuttal the defendant presented evidence of a reenactment of his November 1, 1981, drinking pattern which had been conducted in a doctor's office. Blood tests were taken by the doctor, who estimated defendant's blood alcohol level at the time of operation to be between .04 and .034 per cent.

On appeal, defendant argues that (1) the trial court erred in rejecting his requested instruction concerning a presumption under 23 V.S.A. § 1204 (a) (1) ;[1] and (2) he was denied due process of law when the State charged the defendant with both offenses and presented evidence to the jury on both the .10 per cent blood alcohol charge and the driving under the influence charge.

In 1981, prior to the alleged offenses here, the legislature amended 23 V.S.A. § 1201 (a) by substituting the word "convicted" for "charged" in subsection (a) (4).[2] Whereas the statute prior to amendment prohibited the State from *charging* a defendant with both a .10 per cent blood alcohol count and a DUI count, the amended statute prohibited only *convictions* of both. Thus, the legislative ban on charging both was lifted, and 23 V.S.A. § 1201 (a) (1) and 23 V.S.A. § 1201 (a) (2) charges may now be brought against a defendant arising from the same incident. This was recognized in *State* v. *Rollins,* 141 Vt. 105, 108 n.1, 444 A.2d 884, 885–86 n.1 (1982). We are not persuaded by defendant's assertion that the statement in *Rollins* recognizing that charges may

---

[1] (1) If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood or breath, it shall be presumed that the person was not under the influence of intoxicating liquor.

[2] (a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on the highway while:

   (1) there is .10 per cent or more by weight of alcohol in his blood, as shown by analysis of his breath or blood; or

   (2) under the influence of intoxicating liquor; or

   . . . .

   (4) A person may not be convicted of more than one offense under this section arising out of the same incident.
(1981, No. 103, § 2.)

now be brought for both offenses is "dicta" and that the two offenses here are "mutually exclusive," constituting a violation of due process. Often, a defendant may be culpable of both a DUI and .10 per cent blood alcohol offense at the same time; by 23 V.S.A. § 1201(a)(4) the legislature has simply prohibited two convictions arising from the same incident. There is, however, no logical inconsistency in actually violating the two.

■ Where, as in this case, the State proceeds to trial charging both violations, our warning in *Rollins* has special significance:

> [E]vidence concerning the symptoms of intoxication must be treated with care in a prosecution for driving with .10% or more alcohol in the blood. Prejudice to the defendant would result if the jury was unclear about the offense charged, and confused the .10% offense with driving under the influence.

*Id.* at 110, 444 A.2d at 887. Because of the pre-1981 amendment ban on charging both offenses, the warning in *Rollins* was meant to prevent clinical evidence of intoxication (e.g., erratic or belligerent behavior, bloodshot eyes, dilated pupils, poor balance, or a strong odor of alcohol) from prejudicing a defendant in a .10 per cent blood alcohol case. Presumably, if prejudicial evidence were improperly considered by a jury, the jury might give the clinical evidence undue weight, and conclude that the defendant must have had at least the prohibited blood alcohol level of .10 per cent.

■ Under the amended 23 V.S.A. § 1201(a)(4) this danger still exists, but this does not create a due process of law violation as urged by defendant. The Court in *Rollins* identified how potential prejudice to a defendant may be avoided: "The trial court's scrupulous instruction on the elements of the offense safeguarded this defendant against any such prejudice in the trial below." 141 Vt. at 110, 444 A.2d at 887. Thus, we will look to the trial court's instruction when the defendant is charged with violations of both 23 V.S.A. § 1201(a)(1) and (2), and the defendant argues that

the evidence from one charge may have prejudiced the jury's consideration of the other.

■ The trial judge instructed the jury that 23 V.S.A. § 1201 may be violated in either of two ways, and clearly explained the differences between the two charges brought by the State. Next, the court delineated the essential elements of each charge. We find these instructions to be clear and accurate; the jury could easily have distinguished one offense from the other. Furthermore, the trial judge instructed the jury that,

> [i]f . . . you decide that the defendant has violated . . . one of the sections which I read to you earlier, you need not consider whether he violated the other section. . . . If your verdict is guilty, it may be either of operating contrary to one section or another, but not both.

These excerpts, and the instructions as a whole, take heed of our warning in *Rollins, supra,* 141 Vt. at 110, 444 A.2d at 887. We reject defendant's argument that his right to due process of law was violated by the State trying him for violations of both 23 V.S.A. § 1201(a)(1) and (2). Furthermore, we find the trial court's instructions safeguarded the defendant from any prejudice when both violations were presented to the jury.

■ Since the defendant was convicted of the .10 per cent blood alcohol offense, we need not reach his claim of error concerning the presumption under 23 V.S.A. § 1204(a)(1). It is manifest that the jury determined that defendant had .10 per cent or more blood alcohol at the time of operation since he was convicted under 23 V.S.A. § 1201(a)(1). Therefore, the jury did not believe defendant's demonstration which indicated a blood alcohol level below .05 per cent. Since the jury did not believe the basic fact under 23 V.S.A. § 1204 (a)(1), any instruction on the presumed fact is of no consequence. The jury apparently believed the State's chemist and the results of the breath test. The evidence amply supports the verdict.

*Affirmed.*