## RESCRIPT OPINIONS.

COMMONWEALTH vs. PHONG THU LY. November 23, 1984. *Evidence, Relevancy and materiality, Nonexistence of evidence. Practice, Criminal,* Instructions to jury, Question by jury.

Phong Thu Ly was convicted of two counts of armed assault with intent to rob and two counts of armed assault with intent to murder arising out of an attempted robbery of Chef Chang's restaurant in Brookline. The defendant appeals from these convictions on three grounds.

First, he asserts that testimony at trial that rubber dishwashing gloves had been found on his person was irrelevant, unfairly prejudicial, and should have been excluded. No witness testified that Phong Thu Ly had been seen wearing the gloves; therefore, he argues, there was no foundation for the introduction of testimony concerning the gloves as evidence tending to show preparation or plan to prevent leaving fingerprints during the armed robbery. While the Commonwealth did introduce fingerprint evidence to show that the defendant had eaten in the restaurant shortly before the attempted robbery, we do not conclude that for this reason testimony concerning his possession of rubber gloves lacked a proper foundation or was irrelevant. Common sense tells us that wearing rubber dishwashing gloves while eating in a restaurant is not a sensible practice for potential robbers because these accessories would attract undesired attention to their wearer.

"It is a familiar tenet of Massachusetts law that the 'relevancy of testimony depends upon the question, whether it has a rational tendency to prove the issues made by the pleadings or other incidental material issues . . . .' " *Commonwealth* v. *Fillippini,* 1 Mass. App. Ct. 606, 611 (1973), quoting from *Commonwealth* v. *Durkin,* 257 Mass. 426, 427-428 (1926). "Evidence may be sufficiently relevant to be admitted if it 'tends to establish the issue' or 'constitutes a link in the chain of proof.' " *Poirier* v. *Plymouth,* 374 Mass. 206, 210 (1978). Here, the gloves were probative of an intent to conceal fingerprints. This intent is probative of an intent to commit a robbery, which, in turn, is probative of the defendant's actual robbery attempt. Whether evidence is so prejudicial as to outweigh its probative value and preclude admission is a question for the trial judge in the exercise of his sound discretion. *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 279 (1962). We conclude that there was no abuse of discretion.

The second error asserted by the defendant is the trial judge's refusal to instruct the jury that they were entitled to draw an inference adverse to the Commonwealth because the police failed to test him or his rubber gloves

for gunshot residues. *Commonwealth* v. *Bowden*, 379 Mass. 472, 485-486 (1980), held that defendants are entitled to construct a defense on the "failure to perform tests" issue. However, *Bowden* merely prohibited judges from instructing jurors that *no* inferences could be drawn from a failure to perform tests; the decision did not require judges to give the instruction the defendant requested.

At trial, the defendant was permitted to introduce evidence showing that tests were not performed. In closing argument, his counsel drew attention to the lack of tests. A judge need not give instructions on every subsidiary fact and possible inference. *Commonwealth* v. *Chasson*, 383 Mass. 183, 188 (1981). *Commonwealth* v. *Therrien*, 371 Mass. 203, 206 (1976). "As long as a judge gives adequate and clear instructions on the applicable law . . . [the] extent of the charge [is a matter] within his discretion." *Commonwealth* v. *Roberts*, 378 Mass. 116, 130 (1979). *Commonwealth* v. *Key*, 381 Mass. 19, 27 (1980). We see no abuse of discretion in the judge's refusal to give an explicit instruction.

The third alleged error is that after jury deliberations began, the judge granted the jury's request that they listen to tape recorded testimony of the two witnesses who had been shot during the robbery attempt. The foreman explained that the jury still had questions about the location of those witnesses in the restaurant and about the times between certain happenings. The defendant argues that this testimony, in which the witnesses also described their pain and the nature and extent of their wounds, inflamed the jury and focused too much attention on highly prejudicial testimony.

The decision to permit a jury to read or hear previous testimony is delegated to the trial judge; that "discretion is to be cautiously exercised." *Commonwealth* v. *Bianco*, 388 Mass. 358, 370 (1983). Here, the judge permitted the tapes to be played only once, in their entirety, including both direct and cross-examination. Further, she cautioned the jury not to place undue emphasis on the testimony. Upon nearly identical facts in *Commonwealth* v. *Mandeville*, 386 Mass. 393, 405-406 (1982), no abuse of discretion was found. We perceive none here.

*Judgments affirmed.*

*Patricia A. O'Neill* for the defendant.

*David C. Phalen*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with him) for the Commonwealth.