## STATE of Vermont v. Donald B. CONSTANTINE

[531 A.2d 1199]

No. 83-194

July 6, 1987. Defendant's contention that he was not operating a vehicle within the meaning of 23 V.S.A. §§ 1201(a)(1) and 1201(a)(2) is without merit. He was observed by a police officer behind the steering wheel of a motor vehicle which had its motor running on a public highway. He informed the officer that he had been driving the vehicle about ten minutes in response to the question of how long he had been

630

operating before being stopped. This admission, together with his observed position in the vehicle, is sufficient to establish operation. *State* v. *Anderkin*, 145 Vt. 240, 487 A.2d 142 (1984).

Defendant's contention that the chemical analysis did not conform to health department regulations is also without merit. The state chemist testified that he was familiar with the regulations and followed them. This testimony was sufficient to establish a prima facie showing of compliance. 23 V.S.A. § 1203(a). While the chemist testified that he did not run a sample of breath from a known alcohol-free subject on the day in question, there is nothing in the regulation requiring such a sample within any prescribed time frame. The regulation only required that the equipment should indicate less than 0.01% blood alcohol when analyzing a sample from a known alcohol-free subject. There was no evidence that the equipment did not meet the requirement of this regulation. The test result was properly admitted, and there was no error in the charge or failure to charge.

The defendant argues and the State agrees that under 23 V.S.A. § 1201(a)(4), he could not be convicted of both offenses. See *State* v. *Coulombe*, 143 Vt. 631, 470 A.2d 1179 (1983).

*The matter is therefore remanded to the trial court to strike the conviction on one of the two counts. The judgment on the count not stricken is affirmed.*