COMMONWEALTH *vs.* BERTELL PORCHER, JR.

No. 88-P-171.

Essex.   September 14, 1988. — November 7, 1988.

Present: KASS, CUTTER, & SMITH, JJ.

*Practice, Criminal,* Disclosure of defense witnesses, Judicial discretion, Instructions to jury, Indictment. *Evidence,* Alibi, Nonexistence of evidence.

Where the defendant's counsel in a criminal case failed to notify the prosecutor, until the morning of trial, that a certain person would be present in court to testify as an alibi witness; where there was no showing that the proffered alibi witness was vital and no explanation of why the witness had come to light so late nor any offer of proof as to what the witness would say; and where the trial had already been twice continued, the judge properly exercised his discretion, without further probing on his own initiative, to exclude the testimony of the undisclosed witness pursuant to Mass.R.Crim.P.14 (b) (1) (D). [518-520]

The judge at a criminal trial did not err in refusing the defendant's requested instruction that the jury might draw negative inferences from the failure of the Commonwealth to conduct certain fingerprint tests. [520-521]

An indictment charging that a defendant "did break and enter in the day time [a certain] building . . . with the intent to commit[ ] a felony therein" was not required to identify the felonious conduct the defendant had in mind. [521]

INDICTMENT found and returned in the Superior Court Department on June 17, 1987.

The case was tried before *Cortland A. Mathers*, J.

*Regina Zupan*, Committee for Public Counsel Services, for the defendant.

*David A. Grossbaum*, Assistant District Attorney, for the Commonwealth.

KASS, J. On the morning of trial, defense counsel notified the government that a Tim Horgan would be present in court, prepared to testify as an alibi witness. Refusal by the trial

judge to permit Horgan to testify is the principal ground of appeal. We decide that the trial judge was warranted in rejecting the eleventh-hour alibi witness. There are subsidiary appellate issues concerning the jury instructions and the indictment. Those we also resolve in favor of the Commonwealth.

Porcher was convicted of breaking and entering a dwelling in the daytime with intent to commit a felony. We sketch what the jury could have found.

Two young women in the dwelling house in question, alerted by an unexpected slam of a screen door, observed the defendant running down their driveway. Someone called the police, and the women embarked in a police cruiser to search for the suspect. In relatively short order they spotted and identified the defendant who, as the police car stopped, dropped a black tote bag and attempted flight. That bag, to put it mildly, reinforced the women's identification of the defendant as the man who had bolted from their house; the bag belonged to one of those women (she had been an overnight guest) and contained her radio, a penny jar, and some medication. Inspection of the house disclosed forced entry through a window. Someone had ransacked several rooms.

1. *The late alibi witness.* The defense had agreed in a pretrial conference report to notify the government of any alibi witnesses two weeks before trial. See Mass.R.Crim.P. 14 (b) (1) and (e) (2) (B), 378 Mass. 876, 882 (1979). When a party fails to comply with the notice of alibi witness rule, the judge "may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from . . . the scene of the alleged offense." Mass.R.Crim.P. 14 (b) (1) (D), 378 Mass. 877 (1979).

Such limits as bear on the discretion of a trial judge to bar an alibi witness whom the defense has not timely identified were recently discussed in *Taylor* v. *Illinois*, 484 U.S. 400 (1988). In all criminal prosecutions, the Sixth Amendment to the United States Constitution provides, "the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor. . . ." Right to process carries with it the necessary implication that the witness brought to court will

be heard and, indeed, the right of an accused to present witnesses in his defense is a fundamental element of the adversary system. *Taylor* v. *Illinois*, 484 U.S. at 408. That right, however, is subject to a measure of procedural control. *Id.* at 411. "The trial process would be a shambles if either party had an absolute right to control the time and content of his witnesses' testimony." *Ibid.* Pre-knowledge is particularly important in the case of an alibi witness because testimony that the defendant was elsewhere when the crime occurred is so easily fabricated. *Id.* at 411-412. Fairness requires a chance to check out the bona fides of an alibi witness.

If an alibi witness surfaces unexpectedly and late, a continuance may be ordered, but the trial judge may, by voir dire examination, probe whether the surprise is genuine or contrived. See *id.* at 413. The Court in *Taylor* shrank from drafting "a comprehensive set of standards to guide the exercise of discretion in every possible case." *Id.* at 414. Certainly a judge might require a cogent explanation as to why an alibi witness had materialized so late. If the explanation is unconvincing and suggests desultory preparation or, worse, an effort to obtain tactical advantage by ambush, the sanction of refusal to hear the testimony is well warranted. *Id.* at 415.

Should persuasive reasons for violation of the pretrial conference agreement be advanced, the judge may consider the materiality of the late proffered evidence in weighing whether exclusion is the correct sanction. *Commonwealth* v. *Chappee*, 397 Mass. 508, 517-519 (1986) (refusal of expert testimony proper because witnesses not disclosed until trial was under way). Exclusion of the expert testimony in the *Chappee* case was reviewed in a habeas corpus proceeding in light of what had been written in the *Taylor* case, see *Chappee* v. *Vose*, 843 F.2d 25 (1st Cir. 1988),[1] and approved as a correct balancing of the imperatives of fair and efficient administration of justice

---

[1] At the District Court level, the writ of habeas corpus had been granted on the ground that the sanction of exclusion contravened the Sixth Amendment. See *Chappee* v. *Commonwealth*, 659 F. Supp. 1220, 1224-1230 (D. Mass. 1987).

on one side of the scale and, on the other side, of getting before the fact finder evidence which leads to the truth. *Id.* at 28-32.

Here there was no showing that the proffered alibi witness was vital. Contrast *Escalera* v. *Coombe*, 826 F.2d 185, 191-192 (2d Cir. 1987). There was no explanation of why the witness had come to light so late nor any offer of proof as to what the witness would say. Compare *United States ex rel. Enoch* v. *Hartigan*, 768 F.2d 161, 161-164 (7th Cir. 1985). The judge was entitled to factor into the equation that the trial had already been twice continued. In view of how little was advanced in support of either hearing the witness or delaying the case so that the government might investigate him, the judge was entitled to apply, without further probing on his own motion, the exclusion sanction provided in Mass.R.Crim. P. 14 (b) (1) (D).[2]

2. *Jury instructions about tests not properly performed.* Defense counsel requested an instruction that the jury might draw negative inferences from the failure of the Commonwealth to conduct certain fingerprint tests. "[Y]ou may infer," the defendant wished the jury to be told, "that such tests, if properly conducted, would have resulted in evidence favorable to the defendant." The police had attempted, without success, to find a fingerprint on a piece of plexiglass and tested nothing else. A defendant may cross-examine an expert witness for the Commonwealth about the failure to perform a test or to perform it properly, *Commonwealth* v. *Benoit*, 382 Mass. 210, 221 (1981), but that well known principle does not require a trial judge to comment about what inferences the jury may draw from particular evidence, which would have been the effect of the instruction sought. See *Commonwealth* v. *Phong Thu Ly*, 19 Mass. App. Ct. 901, 902 (1984). If there were inferences

[2] The analog to the Sixth Amendment of the United States Constitution in the State Constitution appears in art. 12 of the Declaration of Rights: "And every subject shall have a right to produce all proofs, that may be favorable to him. . . ." That the right so conferred is subject to the limits and sanctions of rule 14(b) was decided in *Commonwealth* v. *Chappee*, 397 Mass. 508 (1986).

favorable to the defendant to be drawn based on deficiencies in the police investigation, it was the job of the defense to urge them to the jury. See *Commonwealth* v. *Gilmore*, 399 Mass. 741, 745 (1987); *Commonwealth* v. *Person*, 400 Mass. 136, 140 (1987).

3. *Sufficiency of the indictment.* The defendant attacks the indictment, which charged that the defendant "did break and enter in the day time the building of David and Calvin Potter with the intent to commit[ ] a felony therein," with inadequacy because it does not identify the felonious conduct the defendant had in mind. The point is governed — adversely to the defendant — by *Commonwealth* v. *Wainio*, 1 Mass. App. Ct. 866, 867 (1974). If a defendant wants that kind of information, he should move for a bill of particulars. See also *Commonwealth* v. *Lewis*, 346 Mass. 373, 377-378 (1963), cert. denied, 376 U.S. 933 (1964).

*Judgment affirmed.*