**STATE of Vermont v. Gary EDWARDS**

[569 A.2d 1075]

No. 88-142

November 7, 1989. Defendant appeals his conviction for attempting to commit simple assault, 13 V.S.A. § 1023(a)(1), alleging that the preclusion of the testimony of two defense witnesses as a sanction for a violation of the discovery rules was improper and violates his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. Among the circumstances justifying the sanction were that the witnesses were not disclosed until the day before trial, a week after the jury drawing; the witnesses were close relatives of the defendant and their evidence could have been uncovered and disclosed earlier; defendant had tried earlier to disclose these witnesses as having knowledge of prior perjury by the victim but had withdrawn the names; defendant had been represented by the same firm throughout the three months since the case was initiated; there had been a prior continuance apparently as a result of allegations by these same witnesses; and the testimony from the witnesses would have been cumulative.

The trial court has discretion over what sanction to impose for a discovery violation. See V.R.Cr.P. 16.2(g)(1) (sanction imposed by the trial court "as it deems just under the circumstances"); Reporter's Notes to V.R.Cr.P. 16.2 (provision "carries forward the discretion as to sanctions" under prior law); *State v. Evans*, 134 Vt. 189, 192, 353 A.2d 363, 365 (1976). Given the circumstances here, the preclusion sanction was within the trial court's discretion.

In appropriate circumstances, preclusion of witnesses as a discovery sanction does not offend defendant's right to compulsory process for obtaining witnesses in his favor under the Sixth Amendment to the United States Constitution. *Taylor v. Illinois*, 484 U.S. 400 (1988). *Taylor* suggests a balancing test in which we must weigh defendant's right to offer testimony of favorable witnesses against "[t]he integrity of the adversary process . . ., the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process . . . ." *Id.* at 414–15. See *People v. Pronovost*, 773 P.2d 555, 558–59 (Colo. 1989); *Chappee v. Vose*, 843 F.2d 25, 28–32 (1st Cir. 1988). Under such a balancing test, witness preclusion was clearly justified in this case. See, e.g., *Commonwealth v. Porcher*, 26 Mass. App. 517, 519, 529 N.E.2d 1348, 1350 (1988) (witness preclusion justified for late disclosure "[i]f the explanation is unconvincing and suggests desultory preparation").

Defendant has shown no reason why the Vermont Constitution's right to call for evidence in his favor and Chapter I, Article 10 should provide greater protections.

*Affirmed.*