# State of Vermont v. David J. Hugo

[592 A.2d 875]

No. 89-149

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed April 12, 1991

*John T. Quinn*, Addison County State's Attorney, Middlebury, and *Gary S. Kessler*, Resource Attorney, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Bonnie Barnes* and *Sandra Everitt* of *Sessions, Keiner, Dumont & Barnes*, Middlebury, for Defendant-Appellant.

**Peck, J.** Defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2), and also with operating a motor vehicle with .10% or more by weight of alcohol in

his blood in violation of 23 V.S.A. § 1201(a)(1). At trial the jury returned a guilty verdict on each count. The trial judge subsequently dismissed the excessive blood-alcohol count pursuant to 23 V.S.A. § 1201(c) (formerly 23 V.S.A. § 1201(f)), which prohibits more than one conviction under § 1201 arising out of the same incident. Defendant appeals his remaining conviction. We affirm.

Although defendant raises six issues for our review, only four were properly preserved for appeal: (1) whether the court erred by not permitting the arresting officer to testify that defendant told him he was dyslexic; (2) whether the court committed reversible error by excluding testimony of defendant's father regarding his prior observations of his son's difficulty in performing physical tasks as a result of dyslexia; (3) whether the court failed to instruct the jury it need not presume that defendant was under the influence of intoxicating liquor based upon a finding that there existed a .10% or more by weight of alcohol in his blood; and (4) whether the court erred by failing to instruct the jury it could not find defendant guilty of violating both 23 V.S.A. § 1201(a)(1) and 23 V.S.A. § 1201(a)(2), where the charges arose out of the same incident. The two remaining issues are: (1) whether the trial court erred by refusing to admit defendant's testimony that he suffers from dyslexia; and (2) whether the court failed to clearly separate the elements of the two charges.

The basic facts are not in dispute. At 10:30 in the evening on June 13, 1986, a Vermont state trooper on routine patrol observed a vehicle traveling northbound in excess of the fifty mile-per-hour speed limit on Route 7 in Ferrisburg. The trooper pursued, activated his blue lights, and caught up with the vehicle as it slowed for a traffic signal at a nearby bridge construction site. Rather than come to a stop, the vehicle pulled onto the right shoulder of the roadway and passed another car which had stopped in the traveled portion of the road for a red traffic signal. At this point the trooper briefly activated his siren and the vehicle came to a halt.

The trooper found two persons in the car. Twenty-year-old defendant was the driver, and a male companion sat in the front passenger seat. During his initial conversation with defendant, the trooper detected a strong smell of alcohol on defendant's

breath and observed that he had bloodshot eyes, a flushed face and slurred speech. There were a number of empty beer cans on the floor behind the front seat.

Suspecting that the driver might be intoxicated, the trooper asked him to step to the rear of the car to perform some field sobriety tests. Defendant cooperated, but was unable to perform the tests successfully. The trooper placed defendant under arrest, drove him to the Vergennes Police Department and processed him for driving while under the influence of intoxicating liquor. Defendant consented to a standard breath test at 11:21 p.m. Based on this test, a chemist testified at trial that defendant's blood-alcohol count was .13% at the time he was stopped.

At the station, defendant admitted that he and his companion began drinking beer at 6:30 that evening in Hyde Park, New York. Defendant stated that he drank only two beers before beginning the drive to Vermont but admitted consuming four more beers at various points during the three and one-half hour trip, the last of which he finished just ten minutes prior to being stopped by the officer. In response to a question on the DUI processing form as to whether he thought he was under the influence of alcohol, defendant replied, "[a]t this time, yes." When asked whether he had any physical handicaps, defendant informed the trooper that he suffers from dyslexia.

Defendant was tried and convicted of driving while under the influence of intoxicating liquor. This appeal followed.

## I.

■ Defendant argues, first, that the court should have allowed the arresting officer to testify that defendant told him he was dyslexic. He argues that the information was admissible as a statement of a party opponent. The State notes that defendant did not clearly object to the exclusion. Although there is some question as to whether defendant properly saved the issue for review, we address defendant's claim because the court was alerted to the claimed error and the substance of the evidence to be presented was apparent from the context.[1] See V.R.E.

---

[1] On cross-examination of the arresting officer, defendant's counsel asked the officer what defendant's response to an inquiry about physical handicaps

103(a)(2)(where ruling is one excluding evidence, the substance of the evidence must be made known to the court by offer or be apparent from the context); *Camp v. Howe*, 132 Vt. 429, 433, 321 A.2d 71, 73 (1974)(test to determine whether an evidentiary ruling has been preserved for our review is "'whether or not the trial court has been so alerted to the claimed error that it had a fair opportunity to correct itself if it chose'") (quoting *Dodge v. McArthur*, 126 Vt. 81, 83, 223 A.2d 453, 454 (1966)). We conclude that exclusion of the officer's testimony was appropriate.

■■ Under V.R.E. 801(d)(2) prior statements by a party offered against him/her are not hearsay. The rule requires, however, that "the admission at issue be contrary to a party's position at trial." *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (interpreting the nearly identical federal rule). Defendant's statement to the officer that he is dyslexic is not contrary to the position he took at trial and is, therefore, not encompassed by Rule 801(d)(2).[2]

## II.

Next, defendant contends that his father's testimony, excluded following a motion in limine by the State, was admissible

---

had been. The State objected on the ground that the officer's answer would be hearsay, and the court upheld the objection on the ground that the testimony was irrelevant. Defendant's counsel argued that the statement was admissible as a statement of a party opponent, but, when the court explained its conclusion that the statement was irrelevant, stated only "Thank you. That's helpful."

[2] The trial court excluded the evidence on the ground that it was irrelevant. Defendant on appeal contends that the evidence was relevant and that it was not hearsay, since it was not offered to show the truth of the matter asserted. See V.R.E. 801(c). These arguments were not made to the trial court and, absent plain error, we need not address them. In any event, while the testimony may have been relevant to show the truth of the matter asserted—i.e. that defendant is dyslexic—it would have constituted inadmissible hearsay had it been introduced to prove this fact. Defendant has not shown how the evidence was relevant other than to show he was dyslexic. Since defendant only told the officer that he is dyslexic after he was arrested, there is no issue as to the effect of the officer's knowledge of defendant's handicap on probable cause for arrest. Thus, if, as defendant contends, the evidence was not offered to show the truth of the matter asserted, then it was, as the trial court concluded, irrelevant. Exclusion was clearly appropriate.

as both relevant opinion testimony from a lay witness under V.R.E. 701 and as expert testimony under V.R.E. 702 based on the witness's knowledge of and experience with dyslexia. Defendant claims that exclusion of the testimony violated his constitutional rights. The court granted the State's motion in limine to exclude the testimony on two grounds: (1) that defendant failed to notify the State that his father would be called as a witness until the initial trial date, which came ten days after the jury drawing and nearly two and one-half months after the deadline set in the pretrial discovery order; and (2) that the witness was not competent to testify about his son's performance on the field dexterity tests since he was not a medical expert and had never observed his son perform under similar conditions.[3] Since the trial court did not abuse its discretion in excluding the testimony as a sanction for a discovery violation, we need not consider whether defendant's father was competent to testify about his son's physical handicap.

█ The trial court has broad discretion over what sanction to impose for a discovery violation, and our review is limited to abuse of that discretion. *State v. Edwards*, 153 Vt. 649, 649, 569 A.2d 1075, 1076 (1989) (mem.); V.R.Cr.P. 16.2(g)(1); Reporter's Notes, V.R.Cr.P. 16.2 (provision "carries forward the discretion as to sanctions" recognized under prior law). Preclusion of the testimony was within the trial court's discretion. First, because the witness was the defendant's father, his evidence "could have been uncovered and disclosed earlier," see *Edwards*, 153 Vt. at 649, 569 A.2d at 1076. Second, defendant offered only vague assertions in support of his contention that his father qualified as an expert on dyslexia.[4] Thus, the court had reason to believe

---

[3] Defendant maintains that the court merely alluded to his failure to properly abide by the discovery schedule and excluded his father's testimony solely on grounds of incompetency. The court stated clearly, however, that exclusion of the testimony was due, in part, to the lack of notice given to the State.

[4] On appeal defendant contends that his father "has read widely on [dyslexia] and consulted with medical and educational experts." At trial, however, defendant merely alleged that his father was an expert on dyslexia "based on his years of knowledge about the condition of dyslexia and personal experience with the condition," and stated that he would not ask his father to give

the testimony offered would be largely a repetition of defendant's own testimony about his physical limitations.

█ Defendant argues further that the court's refusal to accept his father's testimony constituted a violation of his fundamental right to call witnesses on his own behalf under Chapter I, Article 10 of the Vermont Constitution and under the Sixth and Fourteenth Amendments to the United States Constitution. "In appropriate circumstances, [however,] preclusion of witnesses as a discovery sanction does not offend defendant's right to compulsory process for obtaining witnesses in his favor under the Sixth Amendment to the United States Constitution" or the Vermont Constitution. *Edwards*, 153 Vt. at 649, 569 A.2d at 1076 (citing *Taylor v. Illinois*, 484 U.S. 400 (1988)). In considering the constitutionality of a discovery sanction, this Court "must weigh defendant's right to offer testimony of favorable witnesses against '[t]he integrity of the adversary process . . ., the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process . . . .'" *Id.* (quoting *Taylor*, 484 U.S. at 414–15). We find it implausible that defendant could not have uncovered and disclosed information about his own father until the morning of the initial trial date. See, e.g., *Commonwealth v. Porcher*, 26 Mass. App. 517, 519, 529 N.E.2d 1348, 1350 (1988) (witness preclusion for late disclosure justified if "the explanation is unconvincing and suggests desultory preparation"). Furthermore, since defendant was permitted to testify in detail about his physical disability, his father's testimony would have been largely cumulative. See *Edwards*, 153 Vt. at 649, 569 A.2d at 1076 (one circumstance justifying trial court's sanction of preclusion of witnesses was cumulative nature of witnesses' testimony). Accordingly, under the *Edwards* balancing test, witness preclusion was justified.

## III.

Defendant also maintains (1) that the trial court's instruction did not make clear that the inference of intoxication raised by

---

a medical opinion about dyslexia but would elicit testimony about defendant's difficulties in performing tasks involving fine motor coordination and eye-hand coordination.

the .10% blood-alcohol count was permissive and (2) that it, therefore, unconstitutionally shifted the burden of proof to him. Here, too, we disagree.

The threshold inquiry in ascertaining whether the jury instruction given by the court constitutes reversible error is to determine the nature of the presumption it describes. If it is mandatory, that is, conclusive or burden-shifting, it violates defendant's right to due process of law. If, on the other hand, an instruction could only be interpreted as a permissive inference, one which allows but does not require the trier of fact to find the inferred fact from the basic fact and which places no burden of any kind on the defendant, it is not unconstitutional.

Whether an instruction is mandatory or permissive hinges on "the way in which a reasonable juror could have interpreted" it.

*State v. Dusablon*, 142 Vt. 95, 98, 453 A.2d 79, 81 (1982)(citations omitted) (quoting *Sandstrom v. Montana*, 442 U.S. 510, 514 (1979)). In determining what a reasonable juror could have understood, a single instruction should not be viewed in isolation; rather, it should be viewed in the context of the overall charge. *Id.*

The trial court instructed the jury that it was permitted to infer that defendant was under the influence of intoxicating liquor if it found that defendant was operating a motor vehicle and also that there was .10% or more by weight of alcohol in his blood at the time. It further advised the jury that it need not make such an inference, stating:

You are always free to disregard the inference. That is, the inference cuts off no defense and the defendant remains at liberty to introduce evidence to show that, in spite of the blood test results, he was not under the influence of intoxicating liquor. If you choose to apply this inference, it does not compel the defendant to produce any evidence to overcome its effect or to explain away the test results.

This charge may not have been as clear as might be desired; moreover it alluded to the defendant's ability to introduce evidence, a practice of which we disapprove. The trial court, however, repeatedly instructed the jury that defendant

was to be presumed innocent, that he had the absolute right to remain silent and that the entire burden rested upon the State to prove each element of the crime beyond a reasonable doubt. It also stated that the jury was entitled to disregard the inference created by defendant's blood-alcohol level. In light of the entire charge, we believe that a reasonable juror would have interpreted the court's statement as creating a permissive inference rather than as shifting to defendant the burden of proof.

## IV.

Finally, we address defendant's claim that the court's jury instructions improperly allowed the jury to convict him for violations of both 23 V.S.A. § 1201(a)(1) and § 1201(a)(2), thereby subjecting him to double jeopardy. Although 23 V.S.A. § 1201 permits the State to charge a defendant with both driving while there is .10% or more alcohol in the blood and with driving while under the influence of intoxicating liquor, the statute expressly prohibits multiple convictions arising out of the same incident. 23 V.S.A. § 1201(c); see *State v. Coulombe*, 143 Vt. 631, 633–34, 470 A.2d 1179, 1181 (1983). Here, the trial court erroneously permitted the jury to return guilty verdicts on both counts, but subsequently dismissed the excessive blood-alcohol conviction, thus granting defendant the only remedy to which he is entitled. See *Ball v. United States*, 470 U.S. 856, 865 (1985)(where defendant could not be convicted and sentenced for receiving and possessing the same weapon because a single act established both the receipt and the possession, remedy was for the district court to vacate one of the convictions); *United States v. DiGeronimo*, 598 F.2d 746, 749–53 (2d Cir.)(plain error in failing to instruct jury that defendants could not be convicted of both interference with interstate commerce by means of robbery and of knowing receipt and possession of stolen goods did not warrant new trial where it could be concluded with satisfactory certainty that jury, having convicted of two offenses, would have convicted of only one had it been properly instructed, and proper remedy was to vacate the conviction on one count), *cert. denied*, 444 U.S. 886 (1979).

348

## V.

Defendant argues that the trial court erred by forbidding him to identify himself as dyslexic. The court ruled that, in the absence of evidence that he was diagnosed as dyslexic by a medical doctor, defendant could only describe his symptoms but could not state that he is dyslexic. On appeal defendant argues that dyslexia is a commonly used term amenable to use by a lay person, but this argument was not properly preserved. When the issue of whether defendant could identify himself as dyslexic was discussed, counsel for defendant stated "I will be asking him merely questions about his physical signs and symptoms to which he referred when he spoke to the officer." In response to the court's comment that dyslexia is a term incapable of an informal medical definition, counsel for defendant stated "I will go along with that."

 Since defendant failed to adequately preserve the issue, we may not reverse in the absence of plain error. V.R.Cr.P. 52(b). Here, where defendant was permitted to testify at length about his physical symptoms, despite the court's prohibition against using the word dyslexia, there was no plain error.

## VI.

██ Defendant correctly argues that the court failed to clearly separate the elements of the two charges, but he did not preserve this issue for review.[5] The claim must, therefore, be

---

[5] On appeal, defendant uses, as an example of the confusion caused by the court's failure to separate the elements of the two charges, the fact that the court's use of the phrase "in the slightest degree" in its charge may have confused the jury in its consideration of the .10% blood-alcohol charge. At trial, however, defendant only objected to the use by the court of the phrase "in the slightest degree" on the grounds that the use of this phrase was unconstitutional and that it shifted the jury's focus, in considering the under-the-influence charge, from the issue of intoxication to the issue of quantity consumed. This objection does not translate into an objection on the ground of jury confusion regarding the .10% blood-alcohol charge. Nor does it translate into an objection to the court's failure to clearly distinguish the elements of the offenses charged. An objection presented on one ground, which is properly resolved on that ground, does not preserve a claim for appeal on new grounds. *State v. Ramsay*, 146 Vt. 70, 75, 499 A.2d 15, 19 (1985).

reviewed under the plain error standard, V.R.Cr.P. 52(b), and there was no plain error here. The court did lay out the elements of the driving-while-under-the-influence charge. Evidence that defendant was driving under the influence was overwhelming. Moreover, all the evidence introduced at trial was relevant to the charge that defendant was driving under the influence. Thus, the jury could not have erroneously used evidence relevant only to the .10% blood-alcohol charge to convict defendant of the under-the-influence charge. Although evidence admissible to show that defendant was under the influence may have been erroneously considered by the jury to convict the defendant of the .10% blood-alcohol charge, see *Coulumbe*, 143 Vt. at 634, 470 A.2d at 1181, the .10% blood-alcohol conviction was dismissed. Defendant was not prejudiced by the court's failure to separate the elements of the two charges, nor does defendant claim that the error affected any substantial right. Accordingly, plain error did not occur. See *State v. Ross*, 152 Vt. 462, 468, 568 A.2d 335, 339 (1989).

*Affirmed.*