### State of Vermont v. Joseph McGovern

[664 A.2d 275]

Nos. 94-509, 94-609

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 28, 1995

*William D. Wright*, Bennington County State's Attorney, and *Marcia J. Moss*, Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard* of *Cormier & Howard*, Bennington, for Defendant-Appellant.

**Morse, J.** Defendant appeals from the suspension of his driver's license under 23 V.S.A. § 1205 and from a conditional plea agreement under 23 V.S.A. § 1201(a)(1) (driving under the influence of alcohol), contending that two consistent breath test results are required to support the civil suspension and criminal conviction. We affirm.

In the early morning hours of January 29, 1994, a Bennington police officer stopped defendant because defendant's tail lights were not on. Upon approaching the vehicle, the officer noticed the smell of alcohol on defendant's breath. The officer conducted field tests which led him to believe that defendant was under the influence of alcohol. The officer then tried to collect a breath sample from defendant by using a DataMaster infrared machine. After three unsuccessful attempts at collection, the officer switched his collection method to the crimping device. The crimping device collects a suspect's breath in an indium tube, which is crimped so that the tube is divided into three separate breath samples. Two of these samples are tested by the State, and the third is reserved for independent testing by the defendant. The State tested two samples, which yielded results of 0.000% and 0.168% blood-alcohol content (BAC). The third sample reserved for independent testing was not tested.

Defendant appeals on the ground that the State failed to introduce a valid breath test result because the results for the two separate tests differed by more than five percent from their mean. Otherwise, defendant does not challenge the collection or testing procedure or the reliability of any specific piece of collection or testing equipment.

Section 1203 of Title 23 regulates the administration of breath tests to determine BAC. Subsection (c) discusses the practice to be used when breath is taken by a crimper device. 23 V.S.A. § 1203(c). The only procedure outlined by the statute is that a sufficient sample be taken and preserved so that a defendant can have independent testing done if defendant so chooses. "Evidence that the test was taken and evaluated in compliance with rules adopted by the department of health shall be prima facie evidence that the testing methods used were valid and reliable and that the test results are accurate and were accurately evaluated . . . ." *Id.* § 1205(g)(4).

Defendant argues that the rules adopted by the Department of Health, the State's laboratory rules and regulations, and the Court's decision in *State v. Dole*, 141 Vt. 493, 494, 449 A.2d 979, 980 (1982), require two consistent samples for a valid analysis. Department of Health Rule (C)(I)(2) states: "Analytical instrumentation shall be capable of analyzing replicate samples of breath containing a known amount of alcohol with a precision of plus or minus 5% from their mean when alcohol concentrations are reported to three significant figures." Additionally, the Vermont Department of Health has developed a breath alcohol analytical procedure, which directs a laboratory technician to analyze two capsules and report the average to three

places, to report the sample result as disparate if the two results differ from their mean by more than 5% of mean, and if possible, to comment on the probable reason for the disparate results in the log.

In *State v. Dole*, 141 Vt. at 494, 449 A.2d at 980, we stated in dictum that "[t]he applicable rules and regulations adopted pursuant to 23 V.S.A. § 1203(a) require two consistent samples for a valid analysis." We specifically declined to reach the question whether one test would be sufficient to convict in *State v. Robitaille*, 151 Vt. 380, 382 n.1, 561 A.2d 412, 413 n.1 (1989), because the parties in *Robitaille* had stipulated to a testing and reporting procedure. That question is directly before us in this case. At trial the State's chemist testified that the reason one test resulted in a 0.000% BAC was because "it appeared . . . as if the mushroom [on the indium tube] would have allowed the sample to escape . . . . And that is what I noted in my records as well, the probability that sample leakage had occurred because of the nature of that crimped sample."

We believe that the single test result, accompanied in the case by other indicia of reliability, was sufficient to convict. *State v. Brooks*, 162 Vt. 26, 29, 643 A.2d 226, 228 (1993) (compliance with statutory rulemaking requirement is mandatory only to extent that State wishes to benefit from presumption of validity provided by 23 V.S.A. § 1203). Without a statutory basis for excluding a breath test, the rules of evidence determine whether the test results are admissible.

We do not find persuasive defendant's argument that our holding would permit a conviction in every case where two test results differed by more than five percent of their mean upon a showing that the instruments and procedures used were generally reliable. The State laboratory procedures require, where possible, an explanation for disparate results. The State's chemist provided a reasonable explanation, that leakage was responsible for the 0.000% result. The chemist also testified that both samples were analyzed in compliance with the Department of Health's rules. See *State v. Constantine*, 148 Vt. 629, 630, 531 A.2d 1199, 1199 (1987) (mem.) (chemist's testimony that he complied with regulations is prima facie showing of such compliance). Given this explanation, there is no reason to believe that the 0.168% result was unreliable.

*Affirmed.*