**STATE of Vermont v. George C. GUIDERA**

[707 A.2d 704]

No. 96-607

January 8, 1998. Based on a conditional guilty plea, defendant appeals from a DUI conviction under 23 V.S.A. § 1201, contending that the Datamaster infrared breath test was administered incorrectly, and as a result, the test results are inadmissible as a matter of law. We affirm.

On the evening of February 9, 1996, a Vermont State Police officer stopped defendant for traveling sixty-four miles-per-hour in a posted fifty mile-per-hour zone. Upon approaching the vehicle, the police officer noted that defendant's eyes were bloodshot and watery, his speech was slurred, and an odor of alcohol emanated from his breath. Upon questioning, defendant stated that he had consumed four to five beers that evening, the last one being two hours earlier. Dexterity tests were then performed, and defendant exhibited signs of intoxication. Defendant submitted to an alco-sensor test, which indicated that his blood alcohol content was .109%. The officer then arrested defendant for driving under the influence and transported him to the state police barracks for processing. As part of the standard DUI processing, the officer administered a Datamaster infrared test to measure the level of alcohol in defendant's blood. The officer indicated on the DUI processing form that he began observing defendant at 12:05 a.m., and the Datamaster printout indicates that a first subject sample was taken at 12:19 a.m. and a second subject sample at 12:22 a.m. Defendant's first BAC result was .122%, and his second was .127%.

On March 26, 1996, defendant filed a motion to suppress the results of the infrared breath test claiming that the results were invalid because the officer had not observed defendant for a full fifteen minutes before administering the test. The trial court denied the motion, ruling that the issue was one of weight to be given to the evidence not one of admissibility. Defendant entered a plea of nolo contendere, and this appeal followed.

Defendant appeals on the ground that the State cannot introduce a valid BAC because the arresting officer did not continuously observe defendant for fifteen minutes prior to administering the Datamaster infrared breath test. Defendant claims that under Vermont Department of Health regulations an officer must observe defendant for fifteen minutes prior to administering a breath test to ensure that he does not consume any alcohol, burp, belch, or vomit during this period. He argues that samples not taken in compliance with the regulations are inadmissible and must be suppressed. See 23 V.S.A. §§ 1203(d), 1205(g)(4); *State v. Rolfe*, 166 Vt. 1, 11-13, 686 A.2d 949, 956-57 (1996).

We need not reach the question presented. Even if we assume that the first test was performed improperly, defendant does not claim that the second test suffers from the same defect. It was performed three minutes later when it is undisputed that the officer had observed defendant for fifteen minutes. The officer's affidavit states that he observed defendant for fifteen minutes without him burping, belching or vomiting, and defendant does not claim that he burped, belched or vomited in the interval between tests. 23 V.S.A. § 1203(c) provides that a preserved sample of breath is not required when an infrared breath testing instrument is used. However, a person tested with an infrared breath device has the option of having a second infrared test administered immediately after receiving the results of the first test. See *id.* Here, defendant chose to have a second breath test taken, and this second result, which was even less favorable to him than the first, was administered after a fifteen minute observation interval. We do not find persuasive defendant's contention at oral argument that the results of the second breath test are for defendant's benefit only. There is nothing in the statutory scheme which provides that the

results of this test cannot be admitted by the prosecution.

In reaching the conclusion that the second BAC of .127% was admissible, even if the first was defective, we stress the holding of *Rolfe*, "that the results of an infrared breath test are admissible if the State shows that the analysis was performed by an instrument that meets the performance standards contained in the rules of the Department of Health, and the instrument met those performance standards while employed to analyze the sample." *Rolfe*, 166 Vt. at 13, 686 A.2d at 957. There is no requirement of "two consistent samples for a valid analysis." *State v. Dole*, 141 Vt. 493, 494, 449 A.2d 979, 980 (1982) (describing Department of Health requirements for gas chromatography analysis). Nothing in defendant's motion to suppress claimed the *instrument* failed to meet the performance standards. His argument instead is that the officer failed to employ the instrument properly. Admitting one valid infrared BAC result is fully consistent with the statute, even if another BAC result is invalid, as long as the invalidity does not go to the performance of the instrument.

*Affirmed.*