VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-351



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2024

State of Vermont v. Timothy Davis\*

}   APPEALED FROM:
}   Superior Court, Rutland Unit,
}   Criminal Division
}   CASE NO. 22-CR-02368
    Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals a conviction for violating an anti-stalking order.  On appeal, he argues that the trial court's remedy for the State's discovery violation was inadequate to protect his rights and that the State presented insufficient evidence that he was within 300 feet of complainant.  We affirm.

The record indicates the following.  In March 2022, defendant was charged with violating an anti-stalking order, which required defendant to stay 300 feet away from complainant and her residence in Rutland, where she had lived for seven years.  The charges were based on complainant's report that on March 19 she saw defendant parked in a vehicle just outside her apartment complex.  In response, complainant called 911.  A police officer responded to the scene and determined that defendant was still in the 300-foot range.  Defendant made a discovery request in April 2022, but the State did not make any discovery disclosures.  A trial was scheduled for July 2023.  On the day before trial, the State sent defense counsel an email that suggested that there were materials the State had not disclosed.  After additional inquiries from defense counsel, the State provided an audio recording of complainant's 911 call and a video recording of the responding police officer's dashboard camera, which depicted the interaction between the responding officer and defendant.

Defendant moved to dismiss the case based on the State's failure to disclose the audio and video recordings as well as notes from a July 21 interview with complainant.  Defendant did not seek a continuance as a remedy given the age of the case.  The court denied the motion to dismiss.  Although the court found that the discovery violation occurred, it found the failure was inadvertent and not willful.  The court found that a continuance was not appropriate because the

case had been pending for some time and would not be rescheduled for another three months. The court concluded that the proper remedy was to exclude the objected-to evidence.[1]  Although defendant also challenged the late disclosure of a certified copy of the anti-stalking order, the court allowed the State to use the order at trial, reasoning that it was a public court order which was referenced in the information and available to defendant.

The case proceeded to trial.  At trial, the State presented testimony from the officer who served defendant with the anti-stalking order, complainant, and the officer who responded to the 911 call.  Complainant testified that on March 19 she left her apartment to take her son to school and observed defendant outside her apartment complex in a vehicle, so she brought her son inside and called the police.  She testified that defendant was "[r]ight outside the fence" and estimated his vehicle was within ten feet of her residence.  She reported that defendant was initially parked just outside her apartment building and then drove farther down the road. Complainant also testified that she had resided at the same location for seven years and had previously interacted with defendant at her residence.  The responding officer testified that when he arrived at the scene, defendant was parked on complainant's road.  He estimated that defendant was "a little over 200 feet" from complainant's apartment complex and definitely within 300 feet.  At the close of the State's case, defendant moved for judgment of acquittal, arguing that there was insufficient evidence to support a finding that he was within 300 feet of complainant's residence because the apartment complex was a large building and there was no evidence to establish that the officer's estimate was made from the exact location of complainant's residence.  The court denied the motion, concluding that the testimony of complainant and the officer provided sufficient evidence for the jury to find that defendant was within 300 feet of complainant's residence.  The jury found defendant guilty of violating the anti-stalking order.

Defendant then renewed his motion for acquittal and, in the alternative, requested a new trial.  Defendant reasserted his arguments regarding the lack of evidence to support the verdict. In addition, he argued that a new trial was warranted given the State's failure to comply with its discovery obligations.  Defendant claimed that the video could have aided him in preparing his defense if it had been provided in advance.  The court denied the motion, concluding that its response to the discovery violation struck the appropriate balance of the competing interests. The court noted that the discovery requirements served to prevent the State from obtaining an unfair advantage over the defense and by excluding the evidence, the court alleviated that concern while allowing the trial to proceed without additional delay.  Defendant appeals.

On appeal, defendant first argues that the court erred in not dismissing the case in response to the State's discovery violation.  When a party makes a discovery violation, "the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances."  V.R.Cr.P. 16.2(g)(1).  "The trial court has broad discretion over what sanction to impose for a discovery violation, and our review is limited to abuse of that discretion."  State v. Hugo, 156 Vt. 339, 344 (1991).  An abuse of discretion occurs when the court "exercises it on grounds that are clearly unreasonable or untenable."  State v. Wade, 2003 VT 99, ¶ 9, 176 Vt.

---

[1]  The court noted that defendant had not alleged any Brady violation.

2

550 (mem.). This Court has explained that discovery sanctions should not be harsher than necessary to fulfill the goals of discovery. Id. ¶ 10.

Here, defendant asserts that dismissal was the only appropriate response because by excluding the recordings he was deprived of the opportunity to use parts of the recordings to bolster his defense. Defendant argues that he could have used the video to demonstrate his lack of intent with his statements in the video that he believed he was not within 300 feet of complainant's residence, and to demonstrate the physical location of the incident. He argues that he also could have used the evidence to impeach complainant. Finally, he contends that he was confused about what incident with police formed the basis of this case and access to the video in advance of trial would have allowed him to adequately prepare for trial.

Dismissal for a discovery violation following a jury's guilty verdict requires a showing of prejudice. Id. Defendant's arguments regarding how the video could have been relevant to his intent do not establish prejudice. Defendant was charged with violating an abuse-prevention order under 13 V.S.A. § 1030. We have held that this charge does not require the State to show that a defendant intended to violate the order or knew the conduct would violate the order. See State v. Mott, 166 Vt. 188, 196 (1997), overruled on other grounds by Hinkson v. Stevens, 2020 VT 69, ¶ 22, 213 Vt. 32. Therefore, it was not relevant to the charge whether defendant believed he was within 300 feet of complainant's residence.

Similarly, defendant's assertions that the video may have assisted his defense by better depicting the area in which the incident occurred or in impeaching witnesses do not demonstrate prejudice.[2] Defendant admitted photographs of the area at trial and cross-examined complainant regarding her memory of the incident and the location of defendant's vehicle. Defendant has not demonstrated that admission of the video to further these points would have benefitted him. The video would have also bolstered the State's theory of the case that defendant was parked close to complainant's residence and remained close by when the responding officer arrived. The trial court properly exercised its discretion here to resolve the State's inadvertent discovery violation by excluding the undisclosed evidence for trial. This remedy properly balanced the competing interests of safeguarding defendant's rights, sanctioning the State for the error, avoiding further delay in resolving the case, and protecting the public interest. See State v. Passino, 161 Vt. 515, 522 (1994) (explaining that propriety of excluding evidence in response to discovery violation is determined by employing a balancing test that considers competing interest such as defendant's right to offer evidence, integrity of adversary process, "interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process" (quotation omitted)).

---

[2] On appeal, defendant claims that there was prejudice because the late disclosure did not allow him to adequately present his defense, including by presenting evidence from the video or impeaching the State's witnesses with the video. The court's discovery sanction precluded the State from introducing the evidence; it did not restrict defendant's ability to offer this evidence. To the extent defendant's argument is that he had an inadequate period of time to decide whether to offer portions of the video, defendant has not shown that exclusion of the video resulted in prejudice to him.

3

Defendant next argues that the court erred in denying his motion for judgment of acquittal because the State did not present admissible evidence sufficient to show that he violated the anti-stalking order.

> When a defendant challenges the sufficiency of the evidence supporting a conviction, we review the evidence presented by the State viewing it in the light most favorable to the prosecution and excluding any modifying evidence, and determine whether that evidence sufficiently and fairly supports a finding of guilt beyond a reasonable doubt.

State v. Robitille, 2019 VT 36, ¶ 33, 210 Vt. 202 (quotation omitted). Defendant has a "heavy burden" to overturn a jury's unanimous verdict. Id. (quotation omitted).

Defendant claims that the State presented insufficient admissible evidence to establish the distance between defendant and complainant's residence. Complainant's testimony along with that of the responding officer is sufficient to support the jury's verdict that defendant was within 300 feet of complainant's residence.

Defendant asserts that complainant's statement that defendant was "ten feet" from her residence was inadmissible because it was clearly speculative. At trial, the State asked complainant to estimate how close defendant was to her residence. Defendant objected and the court indicated that complainant could answer if she could do so "without speculating." Complainant stated "Ten feet. I honestly don't know. It's really close. I don't know." On appeal, defendant argues that this statement was inadmissible because it was purely speculative. There was no abuse of discretion in admitting this statement. See State v. Sullivan, 2017 VT 24, ¶ 27, 204 Vt. 328 (explaining that trial court's decision regarding admission of evidence is "highly discretionary" (quotation omitted)). Complainant's testimony established that her estimate of the distance was based on her own personal knowledge. See V.R.E. 602 (requiring lay-witness testimony to be supported by evidence showing "personal knowledge of the matter"). She testified that defendant was right outside her residence and "really close." Although complainant expressed uncertainty regarding the exact measurement, this did not make her statements inadmissible. It was up to the jury to decide the weight to give to this evidence.

Defendant also contends that the police officer's estimate regarding complainant's distance from the residence is insufficient to support a conviction because the officer did not specify whether he measured that distance from complainant's apartment or some other point in the building. While defendant was free to attack the weight and credibility of the officer's testimony, the lack of specificity did not make the statement inadmissible. The officer's testimony corroborated complainant's statement that defendant was within 300 feet of complainant's residence and this evidence was sufficient to support the jury's verdict.

Finally, defendant argues that the court erred in denying his motion for a new trial because the court failed to make a more detailed ruling on the motion and the cumulative effect of the discovery violation and other concerns warranted a retrial. As explained above, the court acted within its discretion in excluding the late-disclosed evidence in response to the discovery violation. In addition, the evidence was sufficient to support the jury's verdict. Given the lack

of errors, the trial court properly concluded that defendant had failed to demonstrate prejudice and that a new trial was not warranted.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice