## COMMONWEALTH vs. JOHN L. ATKINS.

Middlesex.  November 26. — 27, 1883.  C. ALLEN & HOLMES, JJ., absent.

A complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, is supported by proof that the defendant kept such liquors with the intent alleged, although he did not expose them for sale.

COMPLAINT to the First District Court of Eastern Middlesex, alleging that the defendant, on March 12, 1883, at Malden, unlawfully exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

There was evidence that the defendant was the owner of a tenement in which newspapers, pies, cakes, cigars, and tonic beer were kept and sold; and the defendant offered evidence that no lager beer or intoxicating liquors had been sold, kept, or exposed for sale on said premises.

There was also evidence that police officers of Malden, on the day named in the complaint, found in the defendant's tenement a sugar-barrel, nailed and headed up, which, upon being opened subsequently by them, contained 120 bottles of lager beer; that the barrel had no marks upon it, and was left on the defendant's premises by an expressman fifteen minutes before it was seized; that it was placed behind a counter, and there found by the police officers; that the barrel had not been unheaded or opened, and none of the beer had been offered or exposed for sale or sold; and that the barrel and contents were then removed by the officers, and ten days afterwards were returned to the defendant by order of court.

There was other evidence bearing upon the questions of the defendant's knowledge that the barrel contained lager beer, and whether he procured the contents of the barrel supposing that it contained hop beer, and whether the contents of the barrel were intended for sale by the defendant, upon which the judge gave instructions which were not excepted to.

The defendant asked the judge to instruct the jury as follows: " 1. To constitute the statute offence, the keeping and exposing

of intoxicating liquors, and an intent to sell the liquor at all events, without authority of law, must be proved to the satisfaction of the jury, to a moral certainty, and beyond a reasonable doubt. 2. There must be the overt act of offering for sale; while intent may exist in a man's mind, and no act be done in pursuance of such intent. 3. There must be an offer of the liquor by exposing it to those who might become purchasers. If the liquor is concealed or deposited where its presence cannot be known to the public, it is not exposed for sale within the meaning of the statute. The three words are to be taken together to get at the sense of the statute. 4. A man may have liquor and intend to sell it; but, unless he exposes it for sale, he commits no offence under this complaint."

The judge declined so to rule; and instructed the jury, that, if they found proved, beyond a reasonable doubt, the fact that, at the time and place alleged in the complaint, the defendant had received and was keeping in his shop, for any period of time, a closed barrel containing lager beer in bottles, for the purpose and with the intent to sell such lager beer in violation of law, the defendant might be convicted upon the complaint, notwithstanding there was no evidence that the defendant, before the seizure and removal of the barrel and its contents from his shop, had sold or offered for sale any of the lager beer in that barrel.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

DEVENS, J. The instructions requested by the defendant, if granted, would have required of the jury, in order to convict, to find, not merely that the defendant kept the liquors with intent to sell the same, but also that he exposed them for sale. But, under the St. of 1875, *c.* 99, § 1, (Pub. Sts. *c.* 100, § 1,) whether the defendant exposes or keeps for sale, or both keeps and exposes, it is but one offence; and a complaint charging both is good, and is supported by proof of either. *Commonwealth* v. *Dolan*, 121 Mass. 374. *Commonwealth* v. *Curran*, 119 Mass. 206. Under the instructions given, the jury must have found that the defendant had the liquor with intent to sell the same in violation

of law, and the question of intent was one of fact for them. *Commonwealth* v. *Goodman*, 97 Mass. 117. The evidence is not reported, but even if it was thus kept on but a single occasion, or for but a short time, it was sufficient, if satisfactory to them. *Commonwealth* v. *Cleary*, 105 Mass. 384.

The second request for instructions, which was that "there must be the overt act of offering for sale," was not given, and was held to have been properly refused, in *Commonwealth* v. *McCue*, 121 Mass. 358.

The remaining instructions requested are in the words of those given in *Commonwealth* v. *McCue, ubi supra*, but it was not necessary to determine in that case whether they accurately stated the law as to unlawfully keeping and exposing liquors for sale; it was enough that, as given, they afforded the defendant no ground of exception.                    *Exceptions overruled.*