COMMONWEALTH *vs.* CHARLES O. TAY & another.

Middlesex.    February 3, 1888. — February 28, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint — Surplusage — Instructions.*

A complaint for unlawfully exposing and keeping for sale intoxicating liquors is
supported by proof of such keeping for sale merely, and the averment of expos-
ure may be rejected as surplusage.

If a judge at a criminal trial correctly instructs the jury as to the true interpreta-
tion of the statutes and law applicable thereto, no exception lies to his refusal
to instruct them in terms that they may consider such statutes and law.

COMPLAINT to the First District Court of Eastern Middlesex,
alleging that Charles O. Tay and Frank J. Daley, on January
15, 1887, " did expose and keep for sale intoxicating liquors, with
intent unlawfully to sell the same in this Commonwealth," at
Stoneham, without any " license, authority, or appointment."

At the trial in the Superior Court, on appeal, before *Ham-
mond,* J., the complainant testified for the government that
Daley kept a saloon on Central Street, wherein were cigars,
tobacco, and light drinks; that he had a search-warrant, and on
January 15, 1887, searched the saloon and a barn owned by one
Emerson, fifty feet from Daley's saloon; that one could pass
into the barn from the saloon over two open passageways; that
in the barn he found a barrel of whiskey in the corner, two
thirds full, with a lock-faucet upon it locked, and with a card
upon it marked C. O. Tay, and covered over and concealed from
sight by a sail-cloth, which barrel he carried away.   This barrel
of whiskey was claimed by Tay, who testified that he was an
invalid, and that he had this liquor for his personal use, and who
duly filed his claim as owner of the whiskey.

It appeared that the barn was leased by Emerson in 1885 to
one Richardson, who had let a part of it to an expressman who
was a brother of the defendant Daley, and a part for a month
to Tay, from January 12, 1887, for which Tay had paid rent to
Richardson; and that Daley alone kept and owned the saloon
on Central Street, and Tay alone kept and owned a saloon on
Main Street.   There were no other intoxicating liquors found,

nor, except as stated, was there evidence of any sale, or offering or exposing for sale, of the whiskey or other liquors.

It also appeared that the defendants were formerly in business together in the building occupied by Daley, but not within a year of the date of the complaint; that there was a private path leading from the back door of Daley's saloon to the window in the barn, through which was an opening; and that there were several empty flasks and empty lager beer bottles in the barn, near the barrel of whiskey, but Richardson testified that he owned them.

The defendants asked for these instructions: " 1. That finding intoxicating liquors in the shop or barn is not *prima facie* evidence of keeping with intent to sell or expose for sale. 2. That the government must show that such liquor was kept with the intent to expose for sale or to sell in this Commonwealth. 3. That there must be an offer of the liquor by exposing it to those who might become purchasers. If the liquor is covered up, concealed, or deposited where its presence could not be seen or known to the public, it is not exposed for sale within the meaning of the statute. The words are to be taken together to get at the sense of the statute. 4. That the jury may consider the statutes of the Commonwealth relating to intoxicating liquors, and the law in the case."

The judge refused to give these instructions, but instructed the jury as follows: The burden is upon the government to satisfy you that the whiskey found in the barn was illegally kept for sale, or illegally exposed for sale, and that it was so kept or exposed by the defendants; that, as the defendants did not claim to have a license to sell spirituous or intoxicating liquor, if the whiskey was kept for sale and to be sold by defendants, or either of them, in this Commonwealth, or if any part of it was so kept, then the part so kept was illegally kept; that, upon the question of whether it was so kept, the jury may take into consideration all the circumstances disclosed in the evidence; that the mere fact that the whiskey was in the barn is not *prima facie* evidence one way or the other, but is simply one of the circumstances to be considered. If the whiskey, or any part of it, was illegally kept for sale, and the defendants, or either of them, so kept it, then the one who so kept it should be convicted. That the com-

plaint is sustained if the jury are satisfied that the defendants kept the whiskey, or any part of it, for sale as above stated, although there was no exposure for sale, and that in this case there is no evidence to warrant a conviction upon the ground of exposure for sale.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*A. V. Lynde*, for the defendants.

*A. J. Waterman*, Attorney General, for the Commonwealth.

C. ALLEN, J.   The defendants merely present a brief, which is very short, and does not show in detail the grounds on which he relies in support of his exceptions.   The judge ruled that there was no evidence to warrant a conviction upon the ground of exposure for sale.   But the complaint was well supported by proof of keeping for sale.   *Commonwealth* v. *Atkins*, 136 Mass. 160.   *Commonwealth* v. *Welch*, 140 Mass. 372.   The averment of exposure might have been omitted.   *Commonwealth* v. *Sprague*, 128 Mass. 75.   *Commonwealth* v. *Peto*, 136 Mass. 155.   The judge having correctly instructed the jury upon the true interpretation of the statutes, and upon the law relating to the case, there was no occasion to give the fourth instruction which was asked for.   *Commonwealth* v. *Anthes*, 5 Gray, 185.   *Commonwealth* v. *Thorniley*, 6 Allen, 445, 448.   We see no error in the trial.                                    *Exceptions overruled.*