COMMONWEALTH *vs.* DAVID H. AHERN.

Middlesex.   November 7, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Intoxicating Liquors. Evidence,* Circumstantial. *Pleading, Criminal,* Indictment.

At the trial of a complaint under R. L. c. 100, § 1, for unlawfully keeping for sale intoxicating liquors with intent unlawfully to sell the same, there was evidence that the defendant, who was a wage earner, had in his house a half barrel of sterling ale, in which there was a faucet, and an empty barrel that had contained ale, also thirty-two packages each of which contained sixteen half pint bottles of whiskey, and that no empty bottles were found about the premises. *Held,* that on this evidence the presiding judge rightly refused to order an acquittal or to rule that the defendant was entitled to an acquittal.

On a complaint under R. L. c. 100, § 1, charging that the defendant "unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same," the defendant can be convicted on proof of keeping with intent to sell unlawfully without any evidence of exposing liquors for sale.

COMPLAINT, received and sworn to in the Fourth District Court of Eastern Middlesex on September 15, 1916, under R. L. c. 100,

§ 1, charging that the defendant at Woburn on September 13, 1916, "unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, . . . not having . . . any license, authority, or appointment, according to law, . . . to expose, keep for sale, or sell said liquors."

In the Superior Court the defendant was tried before *Stevens*, J. The evidence for the Commonwealth is described in the opinion. The defendant offered no evidence and asked the judge to order a verdict of not guilty. This the judge refused to do. The defendant then asked the judge to make five rulings, of which the judge made the second and fourth and also the fifth with a certain modification. The others were as follows:

"1. On all the evidence in the case, the defendant is entitled to an acquittal."

"3. There is no evidence in this case that the defendant illegally exposed any liquors for sale."

The judge refused to make either of these rulings and submitted the case to the jury in the manner described in the opinion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*E. M. Sullivan,* for the defendant.

*N. A. Tufts,* District Attorney, & *G. S. Harvey,* Assistant District Attorney, for the Commonwealth.

BRALEY, J. The offence of keeping intoxicating liquors for unlawful sale may be established without evidence of either a sale or an attempt to sell. *Commonwealth* v. *Tay,* 146 Mass. 146. And, evidence having been introduced from which the jury could find that the defendant wage earner had in his house a half barrel of sterling ale in which there was a faucet and an empty barrel which had contained ale and thirty-two packages, each of which contained sixteen half pint bottles of whiskey, and that no empty bottles were to be found about the premises, the judge rightly declined to order a verdict for the defendant or to direct an acquittal. *Commonwealth* v. *Dolan,* 121 Mass. 374. *Commonwealth* v. *Atkins,* 136 Mass. 160.

The instructions, which in substance embodied all the defendant's requests except the first and third, carefully and sufficiently guarded the defendant's rights, and the jury must have been satis-

fied that the defendant kept the liquors with the intent of making illegal sales. *Commonwealth* v. *Martin,* 162 Mass. 402. The judge for reasons previously stated could not have given the first request that on all the evidence the defendant was entitled to an acquittal.

The third request, that there is no evidence that the defendant illegally exposed any liquors for sale, also was inappropriate. While the R. L. c. 100, § 1, makes it a criminal offence for any person to sell or expose or keep for sale spirituous or intoxicating liquors unless duly licensed, and the complaint charges that the defendant "did expose and keep for sale intoxicating liquors," proof of keeping with intent to sell was sufficient to sustain a conviction. *Commonwealth* v. *Atkins,* 136 Mass. 160.

*Exceptions overruled.*