COMMONWEALTH *vs.* DAVID LACOURSE.

Hampshire.　　September 22, 1926. — October 14, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor,* Unlawful keeping and exposing for sale. *Practice, Criminal,* Exceptions.

Where, at the trial of a complaint charging the defendant with exposing and keeping for sale certain intoxicating liquors with intent unlawfully to sell the same on July 7, 1925, there was evidence of a sale by the defendant of intoxicating liquor in violation of the statute on July 7 and of such a sale at his house in the preceding April, it is proper for the judge to refuse to instruct the jury that, if they found "that the defendant was at a different place other than the place where the intoxicating liquor was supposed to have been sold, and at the time the sale was supposed to have been made, then this defendant cannot be convicted for making this sale."

At the trial above described, it further appeared that on July 29, 1925, a seizure of wine and cider was made on the premises of the defendant. *Held,* that

(1) It was not necessary for the Commonwealth to prove that the cider and wine seized on July 29 were intoxicating liquors if the jury believed that cider purchased at the house on July 7 was intoxicating liquor within the meaning of the statute;

(2) The judge properly refused to instruct the jury that they must find the defendant not guilty unless they were "satisfied beyond a reasonable doubt that the cider and wine found in the defendant's house was kept for sale."

A bill of exceptions saved by the defendant to the refusal by a trial judge to give two specified instructions to the jury at the trial of a complaint for keeping and exposing intoxicating liquors with intent unlawfully to sell the same contained sixty-five printed pages with evidence set out by question and answer. The questions involved could have been stated briefly. This court *stated* that so voluminous a record was without justification and was not in conformity with the rule stated in *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187, and cases cited.

COMPLAINT, received and sworn to in the District Court of Hampshire on July 29, 1925, charging that on July 7, 1925, the defendant "at Williamsburg, did expose and keep for sale intoxicating liquors with intent, unlawfully, to sell the same."

On appeal to the Superior Court, the complaint was tried before *Dillon*, J., then a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

*J. F. Henry*, for the defendant.

*T. J. Hammond*, District Attorney, for the Commonwealth.

CARROLL, J. The defendant was found guilty of keeping intoxicating liquor for sale, upon a complaint charging that he committed the offence on July 7, 1925, at Williamsburg. There was evidence that cider was purchased at the defendant's home in April, 1925, that on July 7 at this place one Kelly bought from the defendant a gallon of cider for which the defendant "was paid one dollar." It was not questioned that this cider was in excess of two and seventy-five hundredths per cent by weight at sixty degrees Fahrenheit, and it was not disputed that a seizure was made on July 29, 1925, on the premises of the defendant, of wine and cider. No exception was taken to the judge's charge. The only exceptions were to the refusal of the judge to give two requests of the defendant.

The first request is: "You are instructed that if you find from the evidence that the defendant was at a different place other than the place where the intoxicating liquor was supposed to have been sold, and at the time the sale was supposed to have been made, then this defendant cannot be

convicted for making this sale." This request was refused properly. The defendant was not on trial for the sale of intoxicating liquor; he was charged with the offence of keeping intoxicating liquor for the purpose of sale. He could be convicted of this crime without evidence of an actual sale.

The defendant also asked that the jury be instructed "that you must return a verdict of not guilty unless you are satisfied beyond a reasonable doubt that the cider and wine found in the defendant's house was kept for sale." It was not necessary for the Commonwealth to prove that the cider and wine seized on July 29 were intoxicating liquors. If the jury believed that cider purchased at this house on July 7 was intoxicating liquor within the meaning of the statute, even if the defendant were not present, if the sale were made on the premises with his authority, the jury could convict him of the unlawful keeping of intoxicating liquor. See *Commonwealth* v. *Tay*, 146 Mass. 146; *Commonwealth* v. *Meskill*, 165 Mass. 142.

The judge correctly instructed the jury that the mere possession of intoxicating liquor is not an offence. It is only when intoxicating liquor is kept for unlawful purposes that its possession is in violation of the statute. It was not necessary to show the search of the defendant's premises and the seizure of intoxicating liquor. There was no error in refusing the defendant's requests for instructions.

The bill of exceptions covers sixty-five printed pages. The evidence is set forth by question and answer. There is no justification for such a voluminous record. The questions involved could have been briefly stated. The evidence should have been very much abbreviated and stated in narrative form. The bill of exceptions is not in conformity to the rule stated in *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187, and cases cited.

*Exceptions overruled.*