COMMONWEALTH *vs.* CARL VALLECA.

Essex. September 21, 1970. — November 3, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Pleading, Criminal,* Indictment. *Accessory. Evidence,* Burden of going forward, Best and secondary evidence, Judicial discretion, On cross-examination. *Witness,* Expert witness. *Error,* Whether error harmful. *Practice, Criminal,* Mistrial.

Despite the confusing wording of an indictment for receiving stolen property, the defendant should have understood the nature of the charge. [244]

An indictment for receiving stolen property was not defective in that it stated the elements of the offence conjunctively as set forth in the suggested form in G. L. c. 277, § 79, rather than disjunctively as set forth in the definition of the offence in c. 266, § 60. [244]

Under G. L. c. 274, § 4, as amended by St. 1943, c. 488, § 1, a defendant charged with being an accessory after the fact to a felony has the burden of going forward with evidence that he is within the relationship to the principal offender which constitutes a defence to a prosecution under § 4, and the fact that an indictment alleged that the defendant was an accessory after the fact to a felony committed by principals described therein as "John Doe and Richard Roe" did not relieve the defendant of such burden. [245]

At the trial of indictments resulting from the theft of silver pieces from a gallery, no error was shown in the admission of the opinion of a witness who had been director of the gallery for many years as to the value of the stolen silver. [245-246]

The best evidence rule was not applicable to render erroneous, at the trial of indictments resulting from a theft of silver pieces, the admission in evidence of a picture of one of the purloined items. [246]

At the trial of indictments for being an accessory after the fact to break-
ing and entering a gallery and for receiving silver pieces stolen there-
from, there was no error prejudicial to the defendant in allowing a
police officer to state whether the principal felons had been apprehended
[246]; or in allowing the officer to testify concerning his conversa-
tion with the defendant about the officer's feelings with respect to
negotiations for the return of the silver [246].

Suspension of a criminal trial from time to time so that the trial judge,
conducting alone a sitting of the court, could deal with current ad-
ministrative matters did not show error in the denial of a motion for
a mistrial on the ground of undue delay. [246]

Evidence warranted conviction of a defendant, who made a telephone
call to, and later had a conversation with, the director of a gallery
after silver had been stolen therefrom, and who was paid a reward
for its return, upon indictments for being an accessory after the fact
to breaking and entering the gallery and for receiving stolen property.
[246–247]

Cross-examination of witnesses at a criminal trial did not clearly show
prejudice to the substantial rights of the defendant or abuse of the
judge's discretion. [247]

Two INDICTMENTS found and returned in the Superior
Court on May 17, 1968.

The cases were tried before *Good,* J.

*Joel R. Labell* for the defendant.

*Howard J. Camuso,* Assistant District Attorney, for the
Commonwealth.

REARDON, J. The defendant appeals from a sentence
imposed in a trial held subject to the provisions of G. L.
c. 278, §§ 33A–33G, inclusive, following the return of guilty
verdicts on charges of being an accessory after the fact to
breaking and entering, and of receiving stolen property.
The facts are as follows.

During the night of February 16–17, 1968, a break took
place at the Addison Gallery at Phillips Andover Academy
in Andover. Sixty-seven silver pieces valued in excess of
$300,000 were taken. On February 22, 1968, Bartlett H.
Hayes, Jr., director of the gallery, received a telephone call
from a person whose voice he did not recognize. As a result
of this call he went to a restaurant in Methuen the same day
where he met with this person, who turned out to be the
defendant. The defendant told Hayes that he knew the
circumstances of the taking of the silver, as well as the "two

youths" who had broken into and entered the gallery. The defendant further stated that the youths had approached him in order to facilitate the disposal of the silver and he asked Hayes whether the gallery would be willing to pay a reward for its return. At a later date the defendant told Hayes the reward would have to be raised to $10,000 from $7,500 because of the intervention of another party. After further arrangement with Hayes, $10,000 was paid to the defendant in twenty and fifty dollar bills. The defendant had Hayes write out a statement providing that in the event the silver was not returned after the payment of the $10,000 the defendant might be held for criminal extortion.

1. The defendant first complains that the indictment for receiving stolen property should have been dismissed on the grounds that the wording of the indictment was confusing, ungrammatical, and unintelligible, counter to G. L. c. 277, § 17, and that the offence was not proved as charged. Despite the confusing wording of the indictment, the defendant should have been able to understand the nature of the charge against him. If there were confusion he could have availed himself of a bill of particulars as provided in G. L. c. 277, § 40. See G. L. c. 277, § 34, which states that "[a]n indictment shall not be quashed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and prepare his defence."

The indictment stated in part that the defendant "did buy, receive, and aid in the concealment of" stolen property while the corresponding part of the statute on which it is based, G. L. c. 266, § 60, reads, "Whoever buys, receives or aids in the concealment of stolen or embezzled property."

The Commonwealth has properly followed the suggested form of indictment set forth in G. L. c. 277, § 79, which states in the conjunctive, as it should, the elements of the offence defined in G. L. c. 266, § 60. In *Commonwealth v. Martin*, 304 Mass. 320, 322, it was held that when a statute "disjunctively prescribes several acts in a series of acts, all of which are alleged in the complaint, then the Commonwealth may prove the violation of the statute by proof of

the performance by the defendant of any one of the said acts." See *Commonwealth* v. *St. Pierre,* 175 Mass. 48; *Commonwealth* v. *Ahern,* 228 Mass. 547.

2. It is argued on behalf of the defendant that the trial judge should have dismissed the indictment for being an accessory after the fact to breaking and entering on the ground that the burden was upon the Commonwealth to prove that the defendant was or was not related to the thieves. See G. L. c. 274, § 4, as amended through St. 1943, c. 488, § 1.

The Commonwealth notes the defendant's reliance on two cases, *Commonwealth* v. *Sokorelis,* 254 Mass. 454 (1926), and *Commonwealth* v. *Wood,* 302 Mass. 265 (1939). An examination of the pertinent statute, G. L. c. 274, § 4, as it existed when they were decided, indicates that the burden of proof of the issue of relationship was placed upon the Commonwealth. The legislative history underlying St. 1943, c. 488, § 1, which amended c. 274, § 4, indicates that it was the intent of the General Court that the burden of going forward on the issue of relationship should be placed on the defendant. 1943 House Doc. No. 1666. 1943 Senate Journal, p. 909. The clear legislative intent made manifest in the 1943 amendment negates the defendant's argument. The fact that the indictment in this case alleges that the defendant was an accessory after the fact to the commission of a crime by principals described therein as "John Doe and Richard Roe" does not relieve the defendant of his burden of going forward on this issue if he chooses to avail himself of this defence. See *Commonwealth* v. *Doherty,* 353 Mass. 197.

3. Error is alleged in allowing in evidence the opinion of Hayes as to the value of the stolen silver on the ground that he was not an expert on its market value. The evidence shows that he had been the director of the gallery for twenty-eight years and he gave testimony on his background, experience, and knowledge of the exhibits and collections in his charge and their values. The qualification of Hayes as an expert lay in the discretion of the trial judge. *Standard Paper & Merchandise Co. Inc.* v. *Springfield,* 356 Mass. 475,

477.   We see no reason to disturb the judge's ruling that the testimony was admissible.

4. An additional objection of the defendant is to the admission of a picture of a Paul Revere tankard, one of the purloined items, as a violation of the best evidence rule. However, that rule is applicable only to those situations where the contents of a writing are sought to be proved. *Commonwealth* v. *Balukonis*, 357 Mass. 721, 725–726. Wigmore, Evidence (3d ed.) § 796.

5. The defendant complains that the trial judge erred in allowing the witness Deyermond, a police officer, to state whether the principal felons had been apprehended. This question called for an answer within the knowledge of the witness and was admissible although possibly irrelevant. The answer had no particular probative value and it is difficult to see how the defendant was prejudicially harmed. The admission of the evidence was again within the discretion of the trial judge. See *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 280.

6. We similarly fail to find any error in the admission of the witness Deyermond's testimony concerning his conversation with the defendant about Deyermond's feelings concerning the negotiations for the return of the silver. Although possibly the testimony was immaterial, we fail to find prejudice against the defendant.

7. At one point the defendant moved for a mistrial on the ground of undue delay. It appears that during part of the trial the judge suspended the trial from time to time for the purpose of calling lists of cases, hearing pleas and motions, and assigning cases for trial. These administrative matters were dealt with at a one-judge sitting of the Superior Court criminal session at Newburyport. It goes without saying that a judge so placed must necessarily, in addition to conducting the trial, engage in administrative work in order to keep the session going efficiently.

8. It is our belief that there was no error in the denial of the defendant's motion for a directed verdict on both indictments. Our review of the evidence indicates that there

is ample material on which the jury could conclude that the defendant was guilty on both indictments.

9. The defendant has based certain assignments of error on the cross-examination of several witnesses. We do not discuss these at length. The manner and scope of the cross-examination is largely within the discretion of the trial judge and there was no abuse of that discretion. *Commonwealth* v. *Aronson*, 330 Mass. 453, 458–459. *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 280. Such questions are not open to revision on appeal unless the substantial rights of a party are clearly shown to have been prejudiced. *Commonwealth* v. *Nassar*, 351 Mass. 37, 43–44.

*Judgments affirmed.*