COMMONWEALTH *vs.* STEPHEN WAINIO. January 8, 1974. The defendant excepted to the denial of his motion (filed in the Superior Court) to dismiss ("on the ground that it fails to state a crime") a complaint which alleged in material part that on a given date "at Boxborough . . . [the

---

defendant] did in the Daytime, break and enter the dwelling house of [named individual], with intent to commit a felony, no person lawfully therein being put in, fear, contrary to the provisions of [G. L. c. 266, § 18] . . .." The defendant was found guilty and sentenced following a jury waived trial and has appealed under G. L. c. 278, § 28. We assume in his favor (although it is by no means clear from the record) that the arguments now presented to us were also presented to the Superior Court. A perusal of the record (which does not disclose any of the proceedings at trial; see *Guerin* v. *Commonwealth,* 337 Mass. 264, 266 [1958]) and briefs leads us to the conclusion that if the defendant wished to question the sufficiency of the complaint because it was not framed in the language of one of the forms found in G. L. c. 277, § 79 (as to which see *Commonwealth* v. *Snell,* 189 Mass. 12, 18-19 [1905]), or wished to be apprised of a particular felony intended to be committed (as to which see *Commonwealth* v. *Lewis,* 346 Mass. 373, 377-378 [1963], cert. den. sub nom. *Lewis* v. *Massachusetts,* 376 U. S. 933 [1964]), or believed (despite the decision in *Commonwealth* v. *Doherty,* 10 Cush. 52, 54-55 [1852]) that the complaint was deficient for failure to allege intent to commit a felony inside the building broken into (as to which see Perkins, Criminal Law [2d ed.] 212), he should have availed himself of the remedy (not here employed) of a motion for a bill of particulars. G. L. c. 277, §§ 34 and 40. See *Commonwealth* v. *Jordan,* 207 Mass. 259, 265-268 (1911); *Commonwealth* v. *Ronchetti,* 333 Mass. 78, 79, 82 (1955); *Persampieri* v. *Commonwealth,* 343 Mass. 19, 21-22 (1961); *Commonwealth* v. *Valleca,* 358 Mass. 242, 244 (1970).

*Judgment affirmed.*

The case was submitted on briefs.

*William A. Nelson* for the defendant.

*John J. Droney,* District Attorney, *Terence M. Troyer & Bonnie H. MacLeod-Griffin,* Assistant District Attorneys, for the Commonwealth.