COMMONWEALTH vs. RICHARD L. RANDOLPH.

Suffolk. May 5, 1993. - June 1, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Homicide. Armed Assault in a Dwelling. Practice, Criminal,* Instructions to jury, New trial.

In a criminal case there was no merit to the defendant's argument on appeal that he should have had access to a witness's psychological records, where the records, under subpoena, had been examined in camera by the judge, but defense counsel had never asked to examine the records. [366]

In a criminal case, the judge instructed the jury correctly on the Commonwealth's burden of proof beyond a reasonable doubt. [366-367]

At the trial of an indictment for armed assault in a dwelling with intent to commit "a felony, to wit: murder," there was no error in the judge's instructing the jury that the felony could be either murder or assault and battery by means of a dangerous weapon. [367]

There was no error or abuse of discretion in a judge's denial of a criminal defendant's motion for a new trial on the ground of newly discovered evidence. [367-368]

INDICTMENTS found and returned in the Superior Court Department on September 13, 1984.

The cases were tried before *Charles R. Alberti*, J., and a motion for a new trial was heard by him.

*William M. White, Jr.*, for the defendant.

*Kenneth H. Anderson*, Assistant District Attorney (*Phyllis J. Broker*, Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J. The jury were warranted in finding that the following events occurred: In the early evening hours of August 2, 1984, residents of Vallar Road in the Orient Heights section of East Boston complained to police of the defendant's and his brother's drinking and reckless driving. After police

departed, the speeding car pulled up on the sidewalk abutting One Vallar Road where a group of residents had congregated. As it sped away, Brian Golden (the victim of the murder) chased the car in anger. A few minutes later the defendant and his brother burst into Golden's apartment. The defendant carried a baseball bat and his brother was armed with a board. Golden's wife, Linda, was in the apartment with her two children. She ordered the intruders to leave. She screamed for help to her husband, who was outside. The defendant and his brother announced that they would kill her, the children and her husband. They hit her back and legs with the bat and board three or four times before she was able to elude them by leaving the apartment. The defendant and his brother ran upstairs to their mother's apartment as Brian Golden finally arrived. He was angry and challenged the defendant (Golden was on the second floor landing and the defendant was on the third floor landing) to come down so that he (Golden) could kill him. The defendant and his brother responded in kind with their threat to kill Golden. Moments later, a television, a stereo, a bird cage, bottles of mustard and ketchup and silverware came cascading down from the third floor targeted for Golden. There was disputed testimony as to whether Golden held a knife at this time. Then the defendant threw a knife at Golden. It pierced his eye and he fell over. Linda Golden extracted the knife. An ambulance took Golden to the hospital where he died and where Linda was treated for bruises and lacerations.

A jury found the defendant guilty of the murder in the first degree of Brian Golden, assault and battery by means of a dangerous weapon on Linda Golden, and armed assault in a dwelling with intent to commit a felony. In this appeal, the defendant raises the following issues: (1) whether he should have had access to the psychological records of Linda Golden; (2) the correctness of the jury instructions on reasonable doubt; (3) the accuracy of the jury instructions as to the nature of the felony as the basis for a conviction of armed assault in a dwelling; (4) whether the judge erred in denying the defendant's motion for a new trial; and (5) the applica-

tion of G. L. c. 278, § 33E. There was no error and we are not persuaded that relief under § 33E is required.

1. *Access to the records.* The defendant argues that he should have had access to the records of Linda Golden from the West-Raz-Park Mental Health Center to determine whether they contained information useful to his defense. The Commonwealth caused a subpoena to issue to bring the records to court. At trial, defense counsel[1] asked the judge to examine the records to determine whether there was anything exculpatory in them and whether there was anything that Linda Golden was not able to remember about the incident in which her husband was killed. At no time did counsel ask to examine the records. Before cross-examination of Linda Golden was concluded, the judge at a bench conference told defense counsel that he had read all the records and "I find absolutely nothing in there . . . of inculpatory or exculpatory statements or any statements by her to anyone that she could not remember." The prosecutor asked that the records be impounded and defense counsel said, "Yes."

In his brief, the defendant asked that the case be remanded to the Superior Court "for consideration of whether information contained in the Golden psychological records would have been beneficial to the defendant's defense." The short answer is that this request has already been met. The defendant never asked to examine the records. There is nothing in the two cases cited by the defendant, *Commonwealth v. Stockhammer*, 409 Mass. 867 (1991), or *Commonwealth v. Figueroa*, 413 Mass. 193 (1992), that dictates a different result.

2. *Instruction on reasonable doubt.* An examination of the instructions reveals that the judge instructed the jury correctly on the Commonwealth's burden of proof beyond a reasonable doubt. In assessing the instructions, the charge must be examined in its entirety. *Commonwealth v. Richards*, 384 Mass. 396, 399-400 (1981). More than once, the judge re-

---

[1]Trial counsel is not appellate counsel.

peated the government's burden of proof as proof beyond a reasonable doubt.

The defendant claims error when the judge in describing the nature of reasonable doubt referred to it as a "conscious uncertainty," that is, "an uncertainty you are aware of as to the defendant's guilt based on the evidence. . . . [Y]ou're not to search for doubt." There is no error and no burden-shifting in this language. See *Commonwealth* v. *Lanoue*, 392 Mass. 583, 590-591 (1984).

The defendant also argues a failure to charge in the exact words of *Commonwealth* v. *Webster*, 5 Cush. 295, 319-320 (1850). There is no merit to this argument because we have never required conformity to *Webster*, *Commonwealth* v. *Beverly*, 389 Mass. 866, 870 (1983), though we recommend it.

A fair reading of the instruction does not support the argument that the judge instructed the jury that "clear and convincing" evidence was sufficient. He continually stressed the need for finding proof beyond a reasonable doubt.

3. *Jury instruction on nature of the felony in the crime of armed assault.* The gist of the defendant's argument is that since the indictment charges armed assault in a dwelling with the intent to commit a felony, to wit: murder, it was error to instruct the jury that they could find the defendant guilty on this indictment if they found the defendant had an intent to commit either murder or assault and battery by means of a dangerous weapon. While it is a truism of the law that a crime must be proved as charged, *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 (1978), the allegation of the specific felony, "to wit, murder," was mere surplusage and unnecessary to describe the crime. See *Commonwealth* v. *Hobbs*, 385 Mass. 863, 869-870 (1982) (though indictment charged breaking and entering to commit a felony, to wit: larceny, there was no error when judge instructed jury that the felony could be rape, robbery, etc.). See also *Commonwealth* v. *Costello*, 392 Mass. 393, 402-404 (1984).

4. *Motion for new trial.* Several years after the verdict, the defendant brought a motion for new trial on the ground of newly discovered evidence. The trial judge conducted an evi-

dentiary hearing in which he heard witnesses and took affidavits. The thrust of the motion and the evidence in support of it consisted of statements by the defendant's nephew to friends that, contrary to his trial testimony, it was he, not his uncle, the defendant, who threw the knife and killed Brian Golden. The judge made detailed findings of fact in which he concluded that the evidence that the nephew threw the knife was "simply not very credible."

It is settled that a new trial may be granted at any time if it appears that justice may not have been done. Mass. R. Crim. P. 30(b), 378 Mass. 900 (1979). The motion is addressed to the sound discretion of the judge. *Commonwealth v. Moore*, 408 Mass. 117, 125 (1990). There has been no error or abuse of discretion in the denial of this motion.

5. *Review under G. L. c. 278, § 33E.* This case is not one which calls for relief under § 33E.

*Judgments affirmed.*
*Order denying motion for*
*new trial affirmed.*