James F. CONNORS, Jr., Petitioner,

v.

James MATESANZ, Respondent.

No. Civ.A. 98–12002–WGY.

United States District Court,
D. Massachusetts.

April 16, 1999.

James Francis Connors, Jr., Baystate Correctional Center, Norfolk, MA, pro se.

Cathryn A. Neaves, Attorney General's Office, Boston, MA, L. Scott Harshbarger, Office of the Attorney General, Boston, MA, for James Matesanz, Superintendent of the Baystate Correctional Center, defendant.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

James F. Connors, Jr. ("Connors") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. Connors asserts that his conviction in state court for unarmed burglary was constitutionally defective because (1) the indictment he was convicted under failed to identify a *specific* felony that he intended to commit while breaking and entering, (2) the Massachusetts Appeals Court (the "Appeals Court") wrongfully inferred that he intended to steal while breaking and entering, (3) the Appeals Court applied the wrong standard of review to his Motion to Correct Illegal Sentence, and (4) his guilty plea was predicated on the ineffective assistance of counsel and prosecutorial misconduct. *See* Connors Pet. ¶¶ 12(A)–(D). Connors argues that these procedural failings represent violations of his constitutional due process and equal protection rights, as well as his Sixth Amendment right to counsel. *See id.*

## I. FACTUAL BACKGROUND

Allowing appropriate deference to the courts of the Commonwealth of Massachusetts, *see* 28 U.S.C. § 2254(e)(1), the following facts appear from the record:

On March 30, 1989, a Middlesex County Grand Jury indicted Connors for unarmed burglary. The indictment specifically read that Connors "in the night time did break and enter the dwelling house ... with intent therein to commit a felony." *See* Connors Reply, Ex. 1. On November 2, 1989, upon advice of counsel, and following a plea colloquy before Justice Robert A. Barton, Connors entered a plea of guilty to unarmed burglary. Judge Barton sentenced Connors to a term of twelve to twenty years to be served concurrent with another sentence imposed upon Connors.

Several years later, on November 15, 1996, Connors filed a Motion to Correct Illegal Sentence pursuant to Mass.R.Civ.P. 30. *See* Supp. Answer, Ex. 1. He claimed that his guilty plea was premised on the errant advice of counsel, who failed to notice that the indictment did not list any specific felony that Connors intended to

commit upon breaking and entering. *See id.* at Exs. 2 & 3. Likewise, he claimed that the prosecutor in the case engaged in misconduct by informing Judge Barton that larceny was the intended crime, when the indictment was in fact silent as to the specific crime intended. *See id.*

Judge Barton denied the motion without a hearing, being "satisfied beyond a reasonable doubt that the plea was made voluntarily with knowledge of its consequences, [and] with an understanding of the nature of the charge." *See id.* at Ex. 8, at 111. A motion for reconsideration was likewise denied on December 9, 1996. Connors filed a timely notice of appeal with the Appeals Court on January 6, 1997. *See id.* at Ex. 7. Connors argued, in addition to the grounds advanced in his Rule 30 motion, that Judge Barton violated his constitutional rights by failing to hold an evidentiary hearing when ruling on the motion. The Appeals Court affirmed Judge Barton's ruling on August 28, 1997, noting that Massachusetts law does not require an intended felony to be specifically identified in an indictment charging unarmed burglary. *See Commonwealth v. Connors,* 43 Mass.App.Ct. 1109, 684 N.E.2d 269 (1997); Supp. Answer, Ex. 10. Finally, Connors' Application for Further Appellate Review, which raised the additional argument that the Appeals Court committed clear error by applying the wrong standard of review to his Rule 30 motion, *see* Supp. Answer Ex. 11, was denied by the Massachusetts Supreme Judicial Court on October 23, 1997, *see Commonwealth v. Connors,* 426 Mass. 1102, 687 N.E.2d 642 (1997). This habeas petition followed on August 24, 1998.

## II. *ANALYSIS*

### A. *Indictment*

Connors' first two complaints center on the fact that the indictment under which he was convicted merely stated that he "in the night time did break and enter the dwelling house ... with intent therein to commit a felony." *See* Connors, Reply Ex.

1. No specific felony was identified—an absence which Connors' contends violates Mass.Gen.L. ch. 266, § 15, Mass.Gen.L. ch. 277, § 79, and the Equal Protection Clause.

 Connors' argument rests on a misunderstanding of the elements of the crime with which he was charged. Connors was not charged with larceny, although from the record it appears that everyone involved in the litigation presumed that Connors had a larcenous intent on the night he entered Ronald Raffi's house. Their presumptions, however, are irrelevant, as Connors was only charged with unarmed burglary, a crime which requires "intent to commit a felony" as an element, but *not* any particular felony. Mass.Gen.L. ch. 266, §§ 14, 15. The Massachusetts courts have consistently held that an indictment need not identify a specific intended felony. *See Rogan v. Commonwealth,* 415 Mass. 376, 379, 613 N.E.2d 920 (1993) (no error in denying defendant's request that the Commonwealth specify which underlying misdemeanor he allegedly intended to commit when specified misdemeanor was not a required element of the offense and jury could find defendant intended to commit an unspecified crime); *Commonwealth v. Randolph,* 415 Mass. 364, 367, 613 N.E.2d 899 (1993) (no error in instructing jury that they could find defendant intended to commit either of two felonies because indictment specifying particular felony was "mere surplusage and unnecessary to describe the crime"); *Commonwealth v. Porcher,* 26 Mass.App.Ct. 517, 521, 529 N.E.2d 1348 (1988) (indictment charging that defendant "did break and enter in the day time ... with the intent to commit [ ] a felony therein" was not inadequate for failing to identify the felony); *Commonwealth v. Wainio,* 1 Mass.App.Ct. 866, 867, 305 N.E.2d 867 (1974) (same). Indeed, Section 5.31 of the Model Jury Instructions for use in the District Court (1995 ed.) states plainly that "[t]he Commonwealth is not required to prove that the

defendant intended to commit *some* felony." (emphasis in original).

The indictment thus properly charged the crime of unarmed burglary, and Connors' contentions otherwise must fail. Specifically, the Court rejects Connors' argument that the Appeals Court violated his constitutional rights by holding that the indictment need not specify a particular crime. The Court also rejects Connors' contention that the Appeals Court violated his rights by inferring that larceny was the intended felony. *See Connors,* No. 97–P–113 ("The intended felony was to steal but did not need to be described in an indictment charging unarmed burglary."). To the extent that such an inference was unmerited—a proposition about which this Court expresses no opinion—it was harmless in light of the clear rule that Massachusetts allows conviction without specifying *any* intended felony.

### B. *Evidentiary Hearing*

■ Connors next contends that the Appeals Court violated his constitutional rights by treating his "[a]ppeal as though it were reviewing a denial from a Rule 30(b) motion, when in fact [Connors] was seeking review from the denial of his 30(a) Motion, . . . ." Connors Pet. at ¶ 12A. Connors' complaint with respect to the Rule 30 motion stems from a misunderstanding of the procedure for post-conviction relief. Believing that an evidentiary hearing was required under Rule 30(a), Connors first argued to the Appeals Court that Judge Barton erred in failing to provide one. Then Connors argued that the Appeals Court erred by treating his Motion to Correct Illegal Sentence as a motion under Rule 30(b) rather than a Rule 30(a), a distinction which in Connors' view means the difference between required and discretionary evidentiary hearings. In fact, however, there is only one type of motion, a Rule 30 motion, and evidentiary hearings are not required under the Rule. Instead, they are discretionary with the presiding judge who may rule on the motion "on the

basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." Mass.R.Crim.P. 30(c)(3). Judge Barton's decision not to hold an evidentiary hearing was clearly permissible under the Massachusetts rules.

Accordingly, the Court rejects Connors' contention that the manner in which the Appeals Court reviewed his post-conviction motion violated his constitutional rights.

### C. *Ineffective Assistance of Counsel and Prosecutorial Misconduct*

■ Finally, Connors contends that his guilty plea was premised upon ineffective assistance of counsel and prosecutorial misconduct in that (1) his attorney never obtained a copy of the indictment, and therefore failed to unearth its alleged defect, and (2) the state's prosecutor deliberately misled Judge Barton by representing that the intended felony was larceny. Even assuming that both of these contentions are true, Connors has not stated a claim of constitutional magnitude. First, as noted above, the indictment was not defective, and thus any failure by Connors' counsel to file a motion to dismiss the indictment as defective was harmless. *See Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) (to state a claim of ineffective assistance of counsel, defendant must show "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.") (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, because Massachusetts law permits conviction for unarmed burglary on a finding that defendant intended to commit *any* felony, it is immaterial whether the state's prosecutor informed the trial court that larceny was the intended felony. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (a federal court may grant habeas relief based on trial error only when that error " 'had substantial and injurious effect or influence in

determining the jury's verdict' ") (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 [1946]). Put differently, the Commonwealth's prosecutors were not required to prove intent to commit a specific felony; that they, at times, appear to have done so does not render the conviction weaker, it renders it stronger. Therefore, the Court rejects Connors' claims of ineffective assistance of counsel and prosecutorial misconduct.

## III. *CONCLUSION*

For the foregoing reasons, this Court hereby DENIES Connors' section 2254 petition for habeas corpus relief.