**Anthony BOUTWELL and Gary Boutwell, Petitioners,**

v.

**Lynn BISSONNETTE, Respondent.**

**Nos. CIV.A.99–10819–WGY, 99–10920–WGY.**

United States District Court, D. Massachusetts.

Sept. 29, 1999.

Anthony Boutwell, Gardner, MA, pro se.

Kenneth E. Steinfield, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. *Introduction*

Anthony Boutwell and Gary Boutwell (together, "the Boutwells") petition this Court for relief pursuant to 28 U.S.C. § 2254, claiming that their incarceration is in violation of the United States Constitution. Originally filed as separate petitions, this Court consolidated the Boutwells' claims by order dated June 4, 1999 because they were convicted together by a Massachusetts jury in a joint trial and because they now raise identical issues in their habeas petitions.

Both Anthony and Gary Boutwell incorporate by reference as the basis for their habeas petitions the application for further appellate review (the "Application") that they jointly filed with the Massachusetts Supreme Judicial Court. For this reason, the Court's April 29, 1999 order issued with respect to Anthony Boutwell before consolidation, dismissing points 6–9 of the Application, applies with equal force to his brother, Gary. Thus, with respect to both of the Boutwells, this Order addresses only their non-frivolous claims, i.e., points 1–5 of the Application.

Points 1–5 of the Application raise the following challenges to the Boutwells' state conviction: allegedly (1) their right to an evidentiary hearing was violated when they were not given an evidentiary hearing on their state law application for post-conviction relief; (2) their right to direct appeal was violated when they were denied effective assistance of counsel; (3) the government used illegally obtained evidence at trial; (4) the government failed to disclose material exculpatory evidence; and (5) the Boutwells were deprived of the effective assistance of counsel.

### II. *Factual Background*

Allowing appropriate deference to the courts of the Commonwealth of Massachusetts, *see* 28 U.S.C. § 2254(e)(1), the following facts appear from the record:

On February 19, 1992, a Suffolk County grand jury indicted the Boutwells on charges of trafficking in over two hundred grams of cocaine and conspiracy to violate the Massachusetts Controlled Substances Act. The grand jury also indicted Anthony Boutwell on a charge of possession of a firearm with the serial number removed. A jury found the Boutwells guilty of all tried charges on October 15, 1992. The following day, the trial justice sentenced both defendants to imprisonment for fifteen years to fifteen years and one day on the trafficking charge. Anthony was also sentenced to a concurrent term of two-and-one-half years in a house of correction on the firearm charge.

On January 8, 1996, the Massachusetts Appeals Court affirmed the Boutwells' convictions in an unpublished decision. On June 13, 1996, the Boutwells filed a motion for a new trial. Over one year later, when they received no response to the motion, the Boutwells moved for an evidentiary hearing. On September 10, 1997, the trial justice denied both motions, ruling that the motion for a new trial "raise[d] no questions that could not have been raised in [the] original appeal ...." App. Ex. 10, at RA 37. On September 22, 1997, the Boutwells appealed this decision. The Massachusetts Appeals Court affirmed on December 15, 1998, agreeing that the Boutwells' arguments were precluded by their failure to raise them on direct appeal. *See* App. Ex. 13, at 2. On January 25, 1999, the Supreme Judicial Court denied the Boutwells' application for further appellate review. *See* App. Ex. 15. The Boutwells' respective petitions for habeas review were filed shortly thereafter.

### III. *Analysis*

■ The Supreme Court has held that it "will not review a question of federal law

decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). One might think that this doctrine, which limits the jurisdiction of the Supreme Court to entertain direct appeals from state courts, need not restrict the jurisdiction of a federal district court to entertain habeas petitions because such petitions are not technically equivalent to appeals from a state court judgment. *See Lambrix v. Singletary,* 520 U.S. 518, 523, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997). The Supreme Court has "nonetheless held that the doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law." *Id.; accord Moore v. Ponte,* 186 F.3d 26, 33 (1st Cir. 1999). Thus, the state court's final judgment must rely at least partially on federal law in order to be reviewable pursuant to 28 U.S.C. § 2254: "In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on the resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Coleman,* 501 U.S. at 735, 111 S.Ct. 2546.

◼ An important consequence of this rule is that state prisoners whose claims are dismissed by state courts for procedural reasons cannot gain access to federal habeas review. *See Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Phoenix v. Matesanz,* 189 F.3d 20, 24 (1st Cir.1999). It is the "last reasoned opinion" from the state court system that governs the determination of whether a petitioner is procedurally defaulted. *Phoenix,* at 24 (*quoting Ylst v. Nunnemaker,* 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 [1991]). Thus, in the instant case, the Massachusetts Appeals Court's opinion provides the "last reasoned opinion" from which to determine whether the Boutwells' federal claims were decided on the merits or were procedurally defaulted.

◼ At the trial court level, Justice Banks denied the Boutwells' motion for a new trial because "the motion raise[d] no question that could not have been raised in original appeal of the case." App. Ex. 10, at RA 37. In other words, the Boutwells' claims were rejected as waived for failure to assert them in their original appeal. The Appeals Court expressly agreed with this view of the Boutwells' procedural default: "We agree with the Commonwealth's argument of preclusion and ..., therefore, affirm the order denying a new trial without further discussion or detail." App. Ex. 13, at 2. The fact that the Appeals Court then went on briefly to discuss the Boutwells' substantive points is of no moment. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (noting that the independent and adequate state ground doctrine "curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision"); *Buxton v. Collins,* 925 F.2d 816, 821 (5th Cir.1991) (barring habeas review where state court relied upon procedural default in the alternative); *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990) (noting that "federal habeas review is foreclosed ... even where the state court has also ruled in the alternative on the merits of the federal claim"); *Pelmer v. White,* 877 F.2d 1518, 1520 (11th Cir.1989) (precluding habeas review of argument that state court held both procedurally barred and substantively meritless). Thus, with the exception of claim (1) which relates to the state court's failure to grant an evidentiary hearing on the Boutwells' motion for a new trial, all of the claims raised in the Boutwells' petition are outside the purview of habeas review. Claim (1), however, could not have been raised on direct appeal in state court because it only arose after the

motion for a new trial was decided without a hearing, and thus it was not procedurally barred in the manner that the remaining claims have been. Nevertheless, the claim is unavailing. As this Court has recently noted, evidentiary hearings under Massachusetts post-conviction procedures "are discretionary with the presiding judge who may rule on the motion 'on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.'" *Connors v. Matesanz,* 49 F.Supp.2d 23, 26 (D.Mass.1999) (*quoting* Mass. R.Crim. P. 30[c][3] ). Failure to raise issues on direct appeal is precisely the type of procedural default that results in a lack of substantial issues raised by the motion sufficient to merit a hearing. *See Commonwealth v. Watson,* 409 Mass. 110, 112, 565 N.E.2d 408 (1991) (noting that "[t]he rule of waiver applies ... to constitutional claims which could have been raised, but were not raised on direct appeal or in a prior motion for a new trial") (internal quotations omitted). Thus, this Court perceives no constitutional problem with the state court's refusal to grant an evidentiary hearing on claims that were defaulted for failure to comply with constitutionally sufficient state criminal procedures. *Cf. Green v. Reynolds,* 57 F.3d 956, 961 (10th Cir.1995) (where state post-conviction hearing "serves as a substitute" for deficient criminal proceeding, it requires same constitutional process).

## IV. *Conclusion*

Because the Boutwells' claims are either procedurally defaulted or dependent upon claims that are procedurally defaulted, this Court is without jurisdiction to entertain them. Accordingly, the Boutwells' consolidated petitions are DISMISSED pursuant to Rule 8(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

SO ORDERED.