JAMES HEANG *vs.* COMMONWEALTH. June 19, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Accessory and Principal. Practice, Criminal,* Required finding, Appeal.

James Heang appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Heang has been indicted as an accessory after the fact to murder, and for carrying a firearm without a license. The charges arise from allegations that Robert Iacoviello shot and killed a police officer; that several associates of Iacoviello, including Heang's brother, were present at the scene of the shooting; and that Heang, although not present at the shooting, helped dispose of the firearm and clothing worn by Iacoviello. Charges have been filed against Iacoviello and others connected to the shooting, but not against Heang's brother. In anticipation of trial, Heang filed a motion in limine, seeking leave to raise at trial a defense based on G. L. c. 274, § 4.[1] After hearings, the motion was denied. The judge concluded that the statutory defense is not available because

---

[1]General Laws c. 274, § 4, provides, in pertinent part: "Whoever, after the commission of a felony, harbors, conceals, maintains or assists the principal felon or accessory before the fact, or gives such offender any other aid, knowing that he has committed a felony or has been accessory thereto before the fact, with intent that he shall avoid or escape detention, arrest, trial or punishment, shall be an accessory after the fact . . . . The fact that the defendant is the husband or wife, or by consanguinity, affinity or adoption, the . . . brother or sister of the offender, shall be a defence to a prosecution under this section. If such a defendant testifies solely as to the existence of such relationship,

Heang's brother has not been charged, and because Heang allegedly assisted Iacoviello, with whom Heang has no familial relation. See *Commonwealth* v. *Doherty*, 353 Mass. 197, 205 (1967), cert. denied, 390 U.S. 982 (1968) (where husband and wife charged as accessories to murder, husband not entitled to defense under G. L. c. 274, § 4, where his actions shielded not only wife but also unrelated principal felons). Heang petitioned for relief in the county court. His petition was denied summarily and without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Heang fails to show "why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Typically, defendants have raised the defense under G. L. c. 274, § 4, through motions for required findings of not guilty, and have challenged denials of those motions on direct appeal. See, e.g., *Commonwealth* v. *Barnes*, 369 Mass. 462, 465-466 (1976); *Commonwealth* v. *Valleca*, 358 Mass. 242, 245 (1970); *Commonwealth* v. *Doherty*, *supra*. Here, Heang raised the issue in a pretrial motion in limine. He has offered no reason why, in the event he is convicted, he cannot challenge the denial of that motion on direct appeal. See *Farley* v. *Commonwealth*, 435 Mass. 1010 (2001) (petitioner failed to show, pursuant to rule 2:21, why she could not obtain adequate appellate review of denials of motions in limine after trial). That G. L. c. 274, § 4, is an affirmative defense, see *Commonwealth* v. *Devlin*, 366 Mass. 132, 138 (1974), does not entitle Heang to interlocutory review. Cf. *Ackerman* v. *Commonwealth*, 445 Mass. 1025, 1025-1026 (2006) ("statute of limitations defense is an affirmative defense that can adequately be raised and decided at trial and in a direct appeal following a conviction").[2]

Moreover, Heang incorrectly suggests that to preserve his appellate rights he will be forced to take the witness stand to testify about his relation to his brother, and submit himself to unwanted cross-examination. To be sure, a defendant bears the initial burden of producing some evidence of a familial relationship within the meaning of G. L. c. 274, § 4, after which the burden shifts to the Commonwealth to disprove the relationship beyond a reasonable doubt. See *Commonwealth* v. *Barnes*, *supra*; *Commonwealth* v. *Valleca*, *supra*. But here, there is no dispute about the familial relationship between Heang and his brother — the sole issue before the motion judge was whether the defense applies where the brother has not been charged and where Heang allegedly assisted, in addition to his brother, an unrelated offender. In these circumstances, Heang would not be required to take the stand to preserve his

he shall not be subject to cross examination on any other subject matter, nor shall his criminal record, if any, except for perjury or subornation of perjury, be admissible to impeach his credibility."

[2]Heang's references to *Commonwealth* v. *Hare*, 361 Mass. 263, 268 (1972) (on Commonwealth's appeal under G. L. c. 278, § 28E, trial judge improperly dismissed indictment by "considering the Commonwealth's bill of particulars in derogation of its indictment"), and *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971) (defendants' petitions under G. L. c. 211, § 3, reserved and reported to full court to consider novel issue on disclosure of alibi witnesses), provide him no aid. To the extent the defendant now claims he should not be required to stand trial because the indictment is supported by insufficient evidence, he did not raise that issue in the trial court. And even if he had, he would not be entitled to review under G. L. c. 211, 3. See *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024-1025 (2007).

appellate rights regarding the defense under G. L. c. 274, § 4 — he is free at trial to renew his request to present the defense, provide a proffer of the evidence he would have offered if allowed to present the defense, and would be required merely to lodge an objection to any denial of the renewed request (or, if he does not renew his request, he would be required to lodge an objection at trial to the denial of his original motion). See *Commonwealth* v. *Boyer*, 400 Mass. 52, 57 (1987).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Willie J. Davis* for the defendant.